15452

CRAPSE v. SOUTHERN RAILWAY COMPANY

(21 S. E. (2d), 737)

*Messrs. Murdaugh & Murdaugh,* of Hampton, counsel for appellant,

Mr. J. W. Manuel, of Hampton, and Messrs. Tompkins & Tompkins, of Columbia, counsel for respondent,

August 3, 1942.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES.

Appellant brought this action for damages for personal injuries received by her on the Sunday night of May 25th, 1941, while riding in an automobile, the property of another occupant of the car but operated by still another, characterized by the testimony a good and experienced driver, and there is no evidence of control or direction of him by appellant.

It was alleged in the complaint that they reached a grade crossing of defendant's railroad over a paved state highway at about nine P. M., that the crossing was blocked by a train in such manner that lights on automobiles approaching from the opposite direction were visible through the railway car creating a dangerous condition by decreasing the visibility of the blocked crossing, and that plaintiff and the driver of the automobile could not see the condition until within a few feet, whereupon the automobile was turned sharply to avoid a collision and overturned, whereby the injuries were received.

Negligence, gross negligence, willfulness and wantonness were charged against the defendant, its agents and employees, in various particulars, including the obstruction of the crossing for an unreasonable time in violation of statute, that such was done at night without precautions, light, sign, signal or flagging, and in such manner that lights from automobiles on the highway shone through the train cars, as above mentioned. The answer contained a limited (by admissions) denial and the defense of contributory negligence and willfulness, including excessive speed and lack of all care; and the answer set up joint enterprise between plaintiff and the driver of the automobile.

Trial was entered upon at the February, 1942, term of the Court of Common Pleas for Hampton County and at the conclusion of the evidence for the plaintiff the defendant moved for a nonsuit upon the grounds that the evidence was susceptible of reasonable inferences only that (1) there was no negligence or willfulness of the defendant which caused plaintiff's injuries, (2) that such injuries were caused by the gross contributory negligence and willfulness of the plaintiff and the driver of the automobile, specifying speed and failure to look and listen and keep the car under control, and (3) that the plaintiff and the driver and the other occupants of the car were engaged in a common enterprise and that the injuries to plaintiff were caused by the gross contributory negligence and willfulness of the driver in relation to the speed of the automobile and his failure to keep it under control or to take any precautions for the safety of himself and the other occupants of the car.

The motion was granted and nonsuit ordered and a formal order was thereafter entered wherein the rule was correctly stated that in the consideration of such motion the evidence must be viewed in the most favorable light to plaintiff, but in our opinion it was not applied with accuracy; and it was held that the evidence established that plaintiff and the driver of the automobile in which she

rode were engaged in a common enterprise and the driver's negligence, found to have been established in a gross degree, was imputable to the plaintiff, and it was further held that even if there were no common enterprise "the plaintiff herself was guilty of gross contributory negligence, which bars her right to any recovery. She had the same opportunity to look out for the train that the driver had, and warn him of its presence, and she could have seen but she did not even look." And as if to add in full measure, it was finally found in the order that no negligence on the part of the defendant had been shown, that there was no proof that the defendant was negligent in allowing the crossing to be obstructed. This appeal is from the order of nonsuit and appropriate exceptions raise the question of its propriety.

The nature of the contest requires reference in some detail to the testimony, but in view of our conclusion a new trial will be necessary, for which reason no opinion is expressed of the strength or conviction of it other than is considered essential for the purpose of the decision.

The driver of the automobile, Jack Coxwell, and plaintiff testified that the latter had been on an extended visit to her married sister in Varnville where the driver and the other occupants, all inferably young men, lived. The latter planned to attend the commencement sermon in connection with the graduation exercises of the Estill High School and plaintiff asked them to take her to her home which was on their way to Estill, near the village of Lena. But when they arrived at her home all had left to attend the service and plaintiff asked the young men to take her on to Estill where she hoped to find her parents. Although plaintiff's sister was in the graduating class, she (plaintiff) did not expect to attend the services and was not dressed for the occasion. They went on to Estill where one of the young men tried to enter the school building where the exercises were in progress, but was unable to do

so because of the crowd, and all awaited the conclusion in an effort to find plaintiff's parents, which they failed to do. Thereupon plaintiff accepted the offer of the others to take her home as they returned to Varnville and they set out from Estill for that purpose, in the course of which the grade crossing referred to had to be passed.

Coxwell, the driver of the automobile, testified·that it was a dark and foggy night and that upon approaching the crossing, with which he was familiar only to the extent of having used it two or three times before, he rounded a curve and some four or five hundred feet distant saw a single light, which he took to be the headlight of an approaching automobile (and the evidence later referred to bear him out), and dimmed his lights (focused them down), which he testified without objection was required by law, and saw no obstruction of the highway until about eighty or ninety feet away when he turned on his bright lights and made out on the railroad tracks what looked to him like a black, unlighted coal or tank car, through, over or under which he had seen the light of the other automobile. Thereupon he applied his brakes as quickly as possible and turned the car sharply so that the imminent collision was avoided, but the car was ditched six or eight feet from the railroad and would have turned over had it not struck a post. He said that he was driving carefully at from forty to fifty miles an hour, that the automobile, brakes, etc., were in good condition and that he was, keeping a proper lookout. He testified, as did plaintiff, that about the time the obstruction of the highway was discernible, he saw someone with a light at the edge of the crossing, but that he ran away as the automobile approached. This witness further testified to an experiment by him with an automobile at the scene of the wreck shortly before the trial, the result of which bore out his testimony of the circumstances and the poor visibility of a train across the highway.

The operator of the other automobile referred to above testified: he was a deputy sheriff of Barnwell County on his

way to a fishing resort. He said that his automobile, including the lights, was in good condition and that as he approached the railroad crossing he saw an automobile light (which it is fairly inferable from the evidence was the light of the car in which plaintiff was riding); that there was no flagman or other warning of the obstruction of the highway and that he drove within forty feet before he was conscious of it, applied his brakes and his car came to a stop on one of the three tracks and within fifteen feet of a collison which would have occurred except for his ability to turn to the right. There was no ditch on his side of the crossing, as there was on plaintiff's.

The testimony of the plaintiff, already alluded to above, is interesting and important in the controversy. She said that she was riding on the front seat of the automobile with the driver and looked when they turned the curve and saw the light (inferably the headlight of the deputy's automobile), and that thereafter she paid no more attention, looked no more until the driver applied his brakes about eighty or ninety feet from the crossing, that in fact she looked elsewhere as she realized no necessity for her to look at the road ahead because Coxwell was driving. She admitted on cross examination that there was nothing to keep her from looking and that she "guessed" that she could have seen the obstructing railroad car had she looked when she was one hundred or two hundred feet away.

It is held without hesitation that plaintiff's evidence did not establish the defense of joint or common enterprise; indeed, the only reasonable inference of which it is susceptible is that plaintiff was a guest and not chargeable with negligence or willfulness, if any, of the driver of the automobile in which she rode. The lucid discussion of the subject and copious citations of authorities in the opinion of this Court in *Funderburk v. Powell*, 181 S. C., 412, 187 S. E., 742, render further elaboration unnecessary. See, also, *Long v. Carolina Baking Company*, 190

S. C., 367, 3 S. E. (2d), 46. The exception relating to this phase of the appeal is sustained.

Turning next to the question of whether there was ■ evidence of negligence or willfulness on the part of the defendant, we think that there was, and that the testimony thereabout made issues for the jury. The facts indicated by the evidence are very similar to those involved in *Bingham v. Powell,* 195 S. C., 238, 11 S. E. (2d), 275, and the case is ruled by it and the other recent decisions there cited. Practically all that was said in that late case is applicable to this, but need not be here repeated. We note that in this connection respondent's able counsel say in their brief: "* * * We are impressed with the correctness of the contention (of appellant) that the testimony of the plaintiff was sufficient to go to the jury on the issue of actionable negligence."

As has been stated, the learned trial Judge held in ■ his order of nonsuit that Coxwell, the driver, was guilty of gross negligence and the exceptions challenge this ruling. In our view more than one reasonable inference thereabout might arise from the testimony, on which account we find error. The fact that the automobile was operated at a speed of from forty to fifty miles an hour until the obstruction of the highway was recognized by the driver, when he thought it too late to stop his vehicle in time to avoid a collision and thereupon (and indicating at least some degree of care) turned and ditched it, is important. But it should be weighed by the jury with the other facts in evidence and especially in the light of his testimony to the effect that he observed the headlight of an automobile approaching from the opposite direction on the other side of the railroad crossing, whereby he thought the latter unobstructed. Whether his conduct in this connection was negligent or grossly so was, in our opinion, for the jury, under suitable instructions, and not for the decision of the Court. This is

another example of the application of the adage that "the facts make, the law."

Lastly, appellant's frank statement in evidence that she paid no attention to the railroad crossing, although she knew of it, because, in effect, she was only a guest and had nothing to do with the operation of the automobile, squarely raises the interesting issue of what the law requires of one under such circumstances, and whether she may recover of the defendant regardless of such confessed inattention on her part because of the negligence or willfulness, if found, of the defendant in obstructing the highway crossing at night without signal light, watchman or other warning, particularly with a type of railroad car through which other lights shone, misleading the driver of plaintiff's vehicle to believe that the highway was clear.

Of course, had the appellant been operating the car in which she was riding, her testimony would have necessitated a nonsuit because of the obligation of an automobile driver to look for trains at a crossing, but was her lack of the care required of the driver justified by the circumstances, established by the present record, that she was purely a guest and in no sense, in fact or theory, in control, in whole or in part, of the operation of the vehicle? Granting that her conduct constituted negligence or even, for the purpose of the immediate discussion, willfulness, was it the proximate or a contributing cause of the collision?

After deliberate consideration we think that these questions can in this case properly be answered only by the verdict of a jury. The testimony tended to show careful operation by the driver (at least an issue properly determinable by jury arose thereabout), under which circumstance we think and hold that only a jury may say, under our system of jurisprudence, whether plaintiff violated a duty to keep a lookout on her own account, in the absence of some unusual event or circumstance sufficient to arouse the average reasonable and prudent guest, and whether such violation of duty,

if found, contributed as a proximate cause to her injuries. Under the Constitution and Code, the jury are the fact-finders in a law case and as such are the judges of the standard of the average, reasonable and prudent person, and it is within their province to fix and apply such standard by their verdict. All of this, of course, when there is some competent evidence from which a reasonable inference may be drawn in support of the verdict.

Many pertinent decisions of other jurisdictions are found in A. L. R. Annotations, Volumes 18 A. L. R., 309, 22 A. L. R., 1294; 41 A. L. R., 767; 47 A. L. R., 293, 63 A. L. R., 1432, and 90 A. L. R., 984, and in the "bluebook" of that series. From the editorial comment on page 311 of the first stated in 18 A. L. R., we quote with approval the following, omitting the numerous citations of sustaining authorities:

"The failure of a passenger in an automobile to use due care will not prevent a recovery by him against a third party, unless such failure contributed to the injury.

"The question of the contributory negligence of one injured while riding in an automobile driven by another is usually for the jury."

And likewise from page 768 of Volume 41 A. L. R.: "Whether a passenger riding in an automobile driven by another exercises such care for his own safety as a reasonable prudent person would take under like circumstances is generally a question of fact for the jury."

The subject case of the annotation just referred to is *Chesapeake & P. Tel. Company v. Merriken*, 1925, 147 Md., 572, 128 A., 277, 279, 41 A. L. R., 763, from the opinion in which we quote: "It cannot be said as a matter of law that the plaintiff was guilty of negligence directly contributing to the accident merely because he was asleep at the time it happened, although the jury were entitled to consider that circumstance in passing upon the question of his negligence together with the other circumstances of the case."

There appear cases where recoveries were permitted in spite of admitted negligence (or it was granted for the sake of argument) on the part of the driver of the vehicle in which the plaintiff was a guest. In point is our case of *Funderburk v. Powell, supra,* where the driver was found as a matter of law to have been guilty of gross negligence. That is a step further than is involved in this appeal for we have found that the evidence made issues respecting the conduct of the driver which have not yet been properly determined.

Careful reading of the foregoing annotations, particularly the later ones, is convincing that the conclusion which we have reached is in accord with the sounder and better reasoned decisions of the other Courts of last resort.

It is well to note that this case was not brought under the railroad crossing statute (Section 8377, Code of 1932) and its provision relating to the conduct of the plaintiff "or the person having charge of his person or property" is not applicable. The principles of the common-law govern. See in contrast, *Smith v. Southern Railway,* 193 S. C., 44, 7 S. E. (2d), 630.

Another consideration which makes the granting of a nonsuit in this case erroneous and which should be mentioned because of the necessity of a new trial, although not expressly within the exceptions, is that the plaintiff's refreshingly frank testimony did not, as a matter of law, convict her of more than simple negligence, if that be found by the jury, and it is unnecessary to cite authority for the postulate that such negligence is not a defense, even when a contributing cause, to willfulness and wantonness, which latter were charged in the complaint against the defendant; and without expressing any other opinion upon the weight of the evidence relating to this point, we are constrained to hold that under the circumstances disclosed by plaintiff's evidence, which alone constitutes the present trial record, the jury might reasonably have inferred and found that

higher degree of culpability to which simple contributory negligence is not a defense. *Brown v. Powell*, 198 S. C., 403, 18 S. E. (2d), 212. These refinements in description of the conduct of the parties in this and other suits similarly based are for the consideration and finding of the jury, under proper instructions of the Court.

Perhaps this discussion should not be closed without further effort to clarify a seemingly complicated situation. It is not that the Courts would excuse or condone negligence on the part of a guest in an automobile, but that a standard of conduct may be properly fixed by a jury (conforming to their view of what the average, reasonable and prudent person would do and would not do under like circumstances) for a guest in a particular case which would constitute due care under those circumstances but would be shockingly short of such (as undoubtedly plaintiff's was in this case) were the guest instead the driver. In other words, in the case of either driver or guest, the law requires due care (as this Court has plainly said in prior cases) but the latter is necessarily a relative standard derivable from the duty, at the particular time and occasion involved, of the person (or corporation) whose conduct is under scrutiny, and is ordinarily for the establishment and enforcement by juries through their verdicts.

Applying these rather abstract principles to the present problem, we repeat that our plan of jury trial of law cases contemplates that ordinarily, as here, the jury shall judge the conduct of litigants and others concerned and apply the tests which we have stated; and we add that the members of our juries are doubtless better able to fairly judge, and apply such principles to, the conduct of guests in automobiles than are the members of this or any other Court.

For the foregoing reasons the order of nonsuit is reversed and the case remanded to the Court of Common Pleas for a new trial.

Reversed.

Mr. Chief Justice Bonham, Mr. Associate Justice Fishburne, and Circuit Judges L. D. Lide and A. L. Gaston, Acting Associate Justices, concur.