18074

Doris P. GRIFFIN, Respondent, v. PITT COUNTY TRANSPORTATION COMPANY and Carl Edward Blount, Appellants

(131 S. E. (2d) 253)

Messrs. *Jennings & Jennings,* of Bishopville, and *Weinburg & Weinburg* of Sumter, *for Appellants,* 

Messrs. *Baskin & Cothran,* of Bishopville, *for Respondent,* 

May 29, 1963.

Moss, Justice.

Doris P. Griffin, the respondent herein, brought this action to recover damages for personal injuries sustained by her as a result of a collision between an automobile driven by her and a tractor-trailer owned by Pitt County Transportation Company and being operated by its agent and servant, Carl Edward Blount, the appellants herein. The collision occurred at about 8:45 A. M. on June 1, 1961, on U. S. Highway 15, approximately one and one-half miles north of the Town of Bishopville, South Carolina.

The complaint alleges that the respondent was driving an automobile owned by her husband in a northerly direction, over and along U. S. Highway 15, and that she gave a proper signal of her intention to make a left turn therefrom for the purpose of entering the premises of Smith's Garage. It is further alleged that the tractor-trailer of the appellants was being driven in a northerly direction along said highway following to the rear of the automobile driven by the respondent. It is then alleged that when the respondent started to make a left turn from said highway, pursuant to a proper signal of her intention so to do, the tractor-trailer collided with the left side of her said automobile while such tractor-trailer was being operated in a negligent, careless, willful and wanton manner, it being asserted that the tractor-trailer was being operated without having the same under the proper control and without keeping a proper lookout for other traffic on said highway; in operating same at an excessive and high rate of speed under the circumstances; in operating said tractor-trailer too close to the vehicle in front thereof, and in failing to yield the right-of-way to the respondent when she had given a proper signal of her intention to turn off of said highway.

The answer of the appellants contained a general denial and also alleged as a defense that the respondent was guilty

of contributory negligence and willfullness which contributed as a direct and proximate cause of her injuries.

The case came on for trial before the Honorable James Hugh McFaddin, Presiding Judge, and a jury, and resulted in a verdict in favor of the respondent for actual damages. At appropriate stages of the trial the appellants made motions for a nonsuit and directed verdict in their favor and, after the verdict, for judgment *non obstante veredicto*. These motions were refused and this appeal followed.

The exceptions raise only one question and the appellants state it as follows: "Can any other reasonable inference be drawn from the testimony in this case than that the respondent was guilty of contributory negligence and contributory willfullness as a matter of law and that said contributory negligence and willfullness was the proximate cause of the injuries complained of?"

The question of whether or not there was error in refusing the motions of the appellants for a nonsuit, directed verdict and judgment *non obstante veredicto* requires us to consider the testimony and the reasonable inferences to be drawn therefrom in a light most favorable to the respondent. If more than one reasonable inference can be drawn from the evidence the case must be submitted to the jury. However, if the evidence is susceptible of only one reasonable inference, the question is no longer one for the jury but one of law for the Court. *Matthews v. Porter*, 239 S. C. 620, 124 S. E. (2d) 321. Ordinarily, contributory negligence and willfullness is an issue for the jury and it rarely becomes a question of law for the Court. If the only reasonable inference to be drawn from all the testimony is that the negligence and willfullness of the respondent is a direct and proximate cause of her injury and damage or such contributed as a direct and proximate cause, then it would be the duty of the trial Judge to order a nonsuit or direct a verdict. However, if the inferences properly deducible from controverted evidence are doubtful, or tend to show both parties guilty of negligence or willfullness, and there may be

a fair difference of opinion as to whose act proximately caused the injury complained of, then the question must be submitted to the jury. *Green v. Bolen,* 237 S. C. 1, 115 S. E. (2d) 667; *West v. Sowell,* 237 S. C. 641, 118 S. E. (2d) 692.

The collision here involved occurred about 8:45 A. M. on June 1, 1961, on U. S. Highway No. 15, about one and one-half miles north of Bishopville, South Carolina, in a thirty-five mile speed zone. The vehicles involved were both traveling northward, the tractor-trailer of the appellants following the automobile of the respondent.

The respondent was on her way to Smith's Gargage to take some parts for another automobile. In order to enter the premises of this garage it was necessary for the respondent to turn left across the southbound lane of U. S. Highway No. 15. The respondent testified that as she approached the point where she was to turn left to enter the yard of Smith's Garage she was traveling at about fifteen or twenty miles per hour and that for "over two hundred feet" she put on her mechanical signal light indicating that she was going to make a left turn from said highway. She also testified that she had observed the tractor-trailer of the appellants approaching from the rear and traveling at a speed of approximately sixty miles per hour. When she next observed the tractor-trailer, immediately prior to her making a left turn, the tractor-trailer was about twenty-five feet behind her and traveling in the right traffic lane. She also testified that as she was making a left turn from the said highway, "I didn't know he was going to try to pass me. If I had known that I would never have tried to turn." She further testified that while she was making a left turn, the tractor-trailer struck her car on the left side, knocking it over fifty feet into a ditch.

Mrs. Lois Raley, who was a passenger in the automobile of the respondent at the time of the collision, testified that the respondent gave a signal indicating a left turn and that after the collision "the signal light was still going." She

estimated the speed of the tractor-trailer as being sixty to sixty-five miles per hour.

A highway patrolman, Robert D. Steele, went to the scene of the collision shortly after it occurred. He testified that the point of impact between the automobile of the respondent and the tractor-trailer was seven feet from the dirt shoulder in the left-hand lane of said highway going north. He testified that the automobile of the respondent was knocked fifty-one feet from the point of impact into a ditch and that the rear wheels of the tractor-trailer traveled a distance of one hundred and thirty-two feet from the point of impact before coming to a stop. This witness also testi-fied that when he examined the automobile of the respondent, the indicator or handle was down for a left turn and that when he turned on the switch the left turn signal would blink and was properly working. He likewise said that the place of collision was in a thirty-five mile speed zone.

Horace Bone testified that he was traveling north on U. S. Highway No. 15 immediately behind the tractor-trailer of the appellants. He testified that he was traveling between fifty-five and sixty miles per hour and the tractor-trailer was going as fast or faster then he was. He said that the tractor-trailer pulled out to go around a car and that at such time undoubtedly the car was making a left turn, because such car was on the left side of the road. This witness tes-tified that he pulled up in the driveway behind the respond-ent's car and the signal light thereon was still blinking.

Carl Blount, the driver of the tractor-trailer here involved, testified that he was hauling watermelons and that the combined weight of his cargo and the tractor-trailer was about 55,000 pounds. He testified that he had followed the respondent's car for some distance and that immediately before the accident "I picked up speed and I got up to thirty-three or thirty-four miles an hour, and I came up on this lady and blowed my horn, had my signal light on, and just as I got along where this driveway was, the lamentation hit, and she ran into the side of my truck." He testified that

he never saw any turn signal given by the respondent and that when about two hundred and fifty feet from where the collision occurred he pulled into the left lane of the highway for the purpose of passing the respondent's car and that when his tractor-trailer had reached the point opposite the break of the front fender of such car, the respondent turned to the left, striking the right side of the tractor. This same witness testified under cross examination that he pulled into the left lane "400 feet ahead of where" he was to pass the respondent and started to blowing his horn two hundred feet from such point. He testified that the collision took place in the center of the highway and that the respondent was not in the left lane. This witness denied that he was traveling at a speed more than thirty-three or thirty-four miles per hour and that any car was approaching from his rear at the time of the collision.

In the case of *West v. Sowell,* 237 S. C. 641, 118 S. E. (2d) 692, this Court set forth the reciprocal duties of drivers of automobiles or other vehicles proceeding in the same direction, as follows:

"All drivers of vehicles using the highways are held to the exercise of due care. A leading vehicle has no absolute legal position superior to that of one following. Each driver must exercise ordinary care in the situation in which he finds himself. The driver of the leading vehicle must exercise ordinary care not to stop, slow up, turn, nor swerve from his course without adequate warning to following vehicles of his intention so to do. The driver of the following vehicle must exercise ordinary care to avoid a collision with the leading vehicle. Just how close to a vehicle in the lead a following vehicle ought, in the exercise of ordinary care, be driven, just what precautions a driver of such a vehicle must in the exercise of ordinary care take to avoid colliding with a leading vehicle which slows, stops, turns, or swerves in front of him, just what signals or warnings the driver of a leading vehicle must, in the exercise of due care, give, before stopping, slowing up, turning, or swerv-

ing, of his intention to do so, may not be laid down by any hard and fast or general rule. In each case except when reasonable minds may not differ, what due care so required, and whether it was exercised, is for the jury."

Section 46-405 of the Code provides that no person shall "turn a vehicle to enter a private road or roadway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety." Section 46-406 provides that no person shall turn any vehicle without giving appropriate signal of intention so to do. "A signal of intention to turn right or left when required shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning." Section 46-408 provides that any turn signal when required "shall be given either by means of the hand and arm or by a signal lamp or lamps or mechanical signal device."

In *Green v. Boney,* 233 S. C. 49, 103 S. E. (2d) 732, 66 A. L. R. (2d) 1370, we held that the phrase "with reasonable safety" in Section 46-405 of the Code does not mean that a left turn into a private driveway can only be made when it can be done free from all possibility of danger, or that the party making such turn must be certain of absolute safety before he turns. We further held that the driver making the left turn must exercise that degree of care that should be exercised by a person of reasonable caution and prudence under the same circumstances.

The appellants concede that there was sufficient evidence from which the jury could reasonably have inferred that they were guilty of negligence and willfullness. However, they contend that the only reasonable inference possible from all the testimony is that the respondent was guilty of contributory negligence and willfullness and that such operated as a contributing proximate cause.

In *Anderson v. Davis,* 229 S. C. 223, 92 S. E. (2d) 469, this Court held that although the plaintiff may have been guilty of negligence in undertaking to make a left

turn into a driveway when through the rear-view mirror she saw defendants' car at a distance of about one hundred and thirty-five feet behind her in the same lane, the jury could infer that the collision was proximately caused by the gross negligence and recklessness of the defendants in driving at an excessive rate of speed, preventing the driver of defendants' car from stopping in time to avoid the collision and that the contributory negligence of the plaintiff would not constitute a defense to gross negligence and recklessness on the part of the defendants. So in the instant case the jury could have found that the appellants were guilty of negligence and willfullness but that the respondent was no more than negligent in making a left turn at the place in question and under the circumstances revealed by the evidence.

Viewing the evidence in a light most favorable to the respondent, the jury could have concluded that she did what a reasonable and prudent person would have done under similar circumstances; she gave her signal for a left turn for more than two hundred feet in accordance with the statute above cited; she continued to observe the tractor-trailer in her rearview mirror until she reached the point where she was to turn off and saw that it was directly behind her in the right lane of traffic and was giving no indication of passing her on the left side; that she made her turn to the left, exercising reasonable safety and at a time when the appellants were heeding her left turn signal, and when the left lane of traffic was clear.

Since it is conceded that there is evidence from which the jury could infer that the appellants were guilty of negligence and willfullness and there is disputed evidence as to whether the respondent was guilty of contributory negligence and willfullness we think this issue was properly submitted to the jury .

We conclude because of the conflicting inferences of which the evidence to which we have referred was suscepti-

ble the trial Judge properly submitted the factual issue, which essentially was one of proximate cause, to the jury.

Affirmed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.