18307

Floy RAY, Respondent-Appellant, v. John SIMON and George Ray, of whom John Simon is Appellant, and George Ray is Respondent

(140 S. E. (2d) 575)

348

*Messrs. Jennings & Jennings,* of Bishopville, *for Appellant,*

*Messrs. McCaskill & Thompson,* of Conway, *for Appellant,*

*Messrs. Jennings & Jennings,* of Bishopville, *for Respondent,*

*Messrs. Weinberg & Weinberg,* of Sumter, *for Respondent,*

February 18, 1965.

Moss, Justice.

Floy Ray, hereinafter referred to as the plaintiff, instituted this action to recover damages for personal injuries alleged to have been sustained by reason of the joint and concurrent carelessness, negligence, willfulness, wantonness and recklessness of John Simon, the appellant herein, and George Ray, the respondent herein.

The plaintiff, in her complaint, alleges that on December 2, 1962, that she was riding as a passenger in an automobile owned by the respondent, which was his family car, driven by Carol Ann Ray, his daughter, and his agent and servant, when the said automobile was involved in a collision with one driven by the appellant. It was alleged that the said Carol Ann Ray drove the said automobile into the rear of the automobile of the appellant and that she failed to keep same under proper control, failed to keep a proper lookout, failed to apply the brakes and failed to stop before striking the automobile of the appellant. The complaint charged also that the appellant stopped his automobile on a heavy traveled

highway suddenly and without giving any signal or other warning of his intention so to do, that he did not have proper brake lights, and that he failed to observe the automobile of the respondent approaching him from the rear.

The answer of the appellant contained a general denial and, by way of further defense, alleged that the injury to the plaintiff was proximately caused by the negligence and recklessness of the driver of the automobile in which she was riding as a passenger, in that she did not keep a proper lookout, followed too closely, failed to keep the automobile under proper control, drove into the stopped automobile of the appellant while he was signalling his intention to make a left turn, and failed to reduce the speed of her automobile upon approaching an intersection. The appellant further alleged that the plaintiff was guilty of contributory negligence and recklessness.

The answer of the respondent contained a general denial and, by way of further defense, alleged that he and the plaintiff were the parents of Carol Ann Ray, a minor unemancipated child, and she was permitted to drive the automobile owned by him as a member of the family. He further alleged that the plaintiff, as the mother of Carol Ann Ray, had the right to control her in the operation of his said automobile and that she was negligent and reckless in permitting her to operate the automobile in an improper manner and in failing to exercise her right to control her. He further set up a plea of contributory negligence, willfulness, recklessness and wantonness as a bar to any recovery against him.

This case came on for trial at the 1963 September term of the Court of Common Pleas for Lee County, before the Honorable C. Bruce Littlejohn, Presiding Judge, and a jury, and resulted in a verdict for actual damages in the amount of $20,000.00 in favor of the plaintiff against the appellant and the respondent.

At appropriate stages of the trial the appellant made motions for a nonsuit and directed verdict in his favor and,

after the verdict, for judgment *non obstante veredicto* and, in the alternative for a new trial, upon the grounds (1) that there was no evidence of actionable negligence on the part of the appellant; and (2) that the only reasonable inference from the testimony was that the plaintiff was guilty of contributory negligence and recklessness as a matter of law. The appellant moved for a new trial on the ground that the jury's verdict was so excessive as to indicate bias and prejudice, and in the alternative, for a new trial *nisi*. The Trial Judge refused all of the aforesaid motions.

The respondent herein made a motion for a nonsuit and a directed verdict in his favor and after the verdict for judgment *non obstante veredicto*. The latter motion was granted by the Trial Judge upon the ground that the plaintiff, being the wife of the respondent, could not maintain an action against him for a tort committed by their minor unemancipated child who was driving the family automobile at the time of the injury to the plaintiff. The plaintiff has appealed from this ruling.

The question of whether or not there was error in refusing the motions of the appellant for a nonsuit, directed verdict, judgment *non obstante veredicto* and, alternatively, for a new trial, upon the two grounds hereinbefore stated, requires us to consider the testimony and the reasonable inferences to be drawn therefrom in a light favorable to the plaintiff. If more than one reasonable inference can be drawn from the evidence, the case must be submitted to the jury. However, if the evidence is susceptible of only one reasonable inference, the question is no longer one for the jury but one of law for the Court. Ordinarily, contributory negligence and recklessness is an issue for the jury and rarely becomes a question of law for the Court. If the only reasonable inference to be drawn from all the testimony is that the negligence and recklessness of the plaintiff is a direct and proximate cause of her injury and damage, or such contributed as a direct and proximate cause, then it would be the duty of the Trial Judge to order a non-

suit or direct a verdict. However, if the inferences properly deducible from controverted evidence are doubtful or tend to show both parties guilty of negligence or recklessness and there may be a fair difference of opinion as to whose act proximately caused the injury complained of, then the question must be submitted to the jury. *Griffin v. Pitt County Trans. Co.*, 242 S. C. 424, 131 S. E. (2d) 253.

The collision here involved occurred about 12:30 P. M. on December 2, 1962, at the intersection of U. S. Highway No. 15 with Baskin Avenue, just south of Bishopville, South Carolina, when the automobile owned by the respondent and driven by Carol Ann Ray, the minor daughter of the plaintiff and the respondent, collided with the rear of an automobile owned and operated by the appellant.

It is admitted that the automobile in which plaintiff was riding at the time of the collision was owned by her husband, the respondent herein, and was being operated by their minor daughter, Carol Ann Ray, who had permission to use the automobile. It is uncontradicted that on the day in question Carol Ann Ray was using the family car for the purpose of taking the plaintiff and others to church services. The collision with which we are here concerned, occurred as the parties were returning home from church.

The plaintiff testified that Carol Ann Ray had absolute and complete control of the operation of the automobile in which she was riding. She testified that they came up behind an automobile being operated by the appellant and that he suddenly stopped his car directly in front of the car in which she was riding without giving any signal of his intention so to do. The automobile in which plaintiff was riding collided with the rear of the automobile of the appellant. The plaintiff's testimony is not definite as to when she first saw appellant's automobile in the road in front of them but she did testify that because of the sudden stopping of appellant's automobile she did not have time to give her daughter any warning of such.

Carol Ann Ray testified that as she was driving her father's automobile over and along U. S. Highway No. 15 and was following the automobile of the appellant and "he was going slow, and didn't seem like he was stopping, and before I knew it I was up on top of him." She testified that he suddenly stopped without giving any signal of his intention to turn left or to stop. She further testified that she was in complete control of the car and would not have paid any attention to any instructions from her mother unless it was just to slow down or something like that. She estimated that she had followed the appellant's car for a distance of about 30 to 40 feet, having seen him when she was just below the store of J. W. Davis, which said store was located on the left-hand side of the road in the direction in which she was driving and about 30 to 40 yards from the intersection where the collision took place. She admitted that she saw the appellant's car moving very slowly but did not know that he was going to stop. She says that she thought by the time she got to him she would have a chance to pass him "but he stopped and I didn't see him stop", and because of such sudden stopping she had no opportunity to avoid colliding with his car. She further testified that she could not pass him on the right because of a parked car and could not pass on the left because of an oncoming car.

The appellant testified in his own behalf. He said he stopped at the Davis store and picked up a package and pulled out from the store and drove across the highway and into the right-hand lane thereof. He testified that he drove about 200 feet from the Davis store to the point where he stopped his automobile on the highway, it being his intention to make a left turn from U. S. Highway 15 into Baskin Avenue. He testified that he could not make the left turn because of an oncoming car travelling in the opposite direction. He said he did not give any hand signal but that he had his blinker lights on, indicating his intention to turn left. The appellant admitted that he "put the blinker on just as I stopped."

R. D. Steele, a highay patrolman, testified that he investigated the collision between the two automobiles here involved. He examined the lights on the appellant's car but he could not tell whether the blinker lights or the brake lights were working because all of the rear lights were broken as a result of the collision. He stated that he had a conversation with Carol Ann Ray and, as best he could remember, she said that she did not see the appellant's automobile, but upon cross examination he stated that he was not positive as to what Carol Ann Ray said to him because he did not make a note of it.

It is the position of the appellant that there was no evidence of actionable negligence on his part which contributed as a proximate cause to plaintiff's injury. There was testimony that the appellant brought his automobile to a stop, for the purpose of making a left turn, without prior warning or signal of such intention, in violation of Sections 46-406 and 407 of the 1962 Code of Laws. A violation of these sections constitutes negligence *per se* and such negligence is actionable if it proximately caused injury to the plaintiff. *West v. Sowell,* 237 S. C. 641, 118 S. E. (2d) 692. It is inferable from the facts above recited that if the appellant had given the required signal of his intention to stop, for the purpose of making a left turn, the collision and resulting damage to the respondent could have been avoided. Under these circumstances the Trial Judge properly submitted to the jury the question of whether the violation of the aforesaid statutes by the appellant proximately caused injury to the plaintiff.

The appellant asserts that the only reasonable inference to be drawn from the testimony is that the driver of the automobile in which the plaintiff was riding was guilty of contributory negligence and recklessness as a matter of law. He further asserts that the driver of the automobile and the plaintiff were engaged in a common enterprise and that the contributory negligence and willfulness of the said driver should be imputed to the plaintiff.

The appellant bases his contention that the driver of the car in which the plaintiff was riding was guilty of contributory negligence and recklessness upon her alleged failure to keep a proper lookout, and in following the appellant's car too closely, in violation of Section 46-393 of the Code, which provides that the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of the vehicles and the traffic conditions upon the highway. The appellant argues that the failure of Carol Ann Ray to observe that she was gaining rapidly on a stopped or slowly moving vehicle for a distance estimated at 30 to 40 yards constituted a conscious failure to exercise due care.

In the recent case of *Oliver v. Blakeney*, 244 S. C. 565, 137 S. E. (2d) 772, this Court said:

"In determining issues of negligence and contributory negligence arising out of collision between vehicles proceeding in the same direction, we have held that a leading vehicle has no absolute legal position superior to that of one following. Each driver must exercise due care under the circumstances. As a general rule, the driver of the leading vehicle is required to make reasonable observations under the circumstances to determine that the particular movement of his vehicle, such as turning, slowing up, or stopping, can be made with safety to others, and to give adequate warning or signal of his intentions. The driver of the following vehicle owes a reciprocal duty to keep his vehicle under reasonable control and not to follow too closely. The proper distance to be maintained in all cases between a following vehicle and the one ahead cannot be determined by any mathematical formula. The statutory injunction in this State, Section 46-393, is simply that the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of the vehicles and traffic conditions at the time. The question of whether due care was exercised is controlled by the circumstances of the particular case and will not be determined by the court as a matter of law if

the testimony is conflicting or the inferences to be drawn therefrom are doubtful. *West v. Sowell,* 237 S. C. 641, 118 S. E. (2d) 692."

We think that the inferences which may be reasonably drawn from the testimony in this case preclude a determination that the driver of the automobile in which plaintiff was riding was guilty of contributory negligence and recklessness as a matter of law. The appellant had entered U. S. Highway No. 15, according to his testimony, about 200 feet from the point of collision. The driver of the car in which plaintiff was riding saw this car when she was 30 to 40 yards to the rear thereof. Even though there is no positive testimony as to the speed of her car, it is inferable that she was following at a reasonable speed. The testimony is that the appellant's car was slowly moving and Carol Ann Ray had a right to assume that he would continue to move forward and would not violate the law by stopping on the highway without prior warning or signal. It is also inferable from this record that from the speed and distance involved, if the appellant had given the required signal of his intention to stop for the purpose of making a left turn, as he could have done and was required to do under the law, the collision and resulting injury to the plaintiff might have been avoided. Under these circumstances, the Trial Judge properly submitted the issue of whether Carol Ann Ray was guilty of contributory negligence and recklessness and whether such should be imputed to the plaintiff. However, if an appropriate motion had been made, we think the Trial Judge could have properly held that Carol Ann Ray was not guilty of any willfuness or recklessness in the operation of the automobile which she was driving.

In order to constitute a joint or common enterprise so that the negligence of the driver of an automobile may be imputed to an occupant of the car, it is generally held that there must be a common purpose and a community of interest in the object of the enterprise and an equal right to direct and control the conduct of each other

with respect thereto. In other words, the passenger, as well as the driver, must be entitled to a voice in the control and the direction of the vehicle. There must be a community of interest in the object and purpose of the undertaking and an equal right to direct and govern the movements and conduct of each other in respect thereof. Each must have the control of the means or agencies employed to prosecute the common purpose. *Rock v. Atlantic Coast Line Ry. Co.*, 222 S. C. 362, 72 S. E. (2d) 900.

When the question of whether two persons are engaged in a common enterprise becomes pertinent, such question must be determined as any other factual issue; that is, if the evidence is in conflict a jury question is presented; otherwise it is a question of law to be determined by the Court. The test, when we undertake to impute to the plaintiff the negligence of her driver is whether such driver was her agent, and did she have any control over the management of the automobile. Not until these facts are established can the doctrine of common enterprise be invoked. Here, the plaintiff either occupied the position of a passenger or she was engaged in a common enterprise with her daughter. Upon this question the evidence is in conflict and it was for the jury to determine the issue. The jury, by its verdict, found that the plaintiff was not engaged in a common enterprise with the driver of the automobile in which she was riding. There was no error on the part of the Trial Judge in submitting the aforesaid issue to the jury.

The final question for consideration is whether or not the Trial Judge erred in refusing to grant a new trial, or a new trial *nisi*, on the ground that the verdict in this case was so excessive as to indicate bias and prejudice on the part of the jury.

We have held in numerous cases that this Court will not set aside a verdict because the amount of it is such as to indicate merely undue liberality on the part of the jury. The power in such case to set it aside, or

reduce it by granting a new trial *nisi,* rests with the Trial Judge alone. It is only when the verdict is so grossly excessive as to indicate that the jury was so moved by passion or prejudice, or other considerations not founded on the evidence and the instructions of the trial court, that it becomes the duty of this Court, as well as of the trial court, to set it aside absolutely. *Peagler v. A. C. L. Railroad Co.,* 234 S. C. 140, 107 S. E. (2d) 15, 84 A. L. R. (2d) 794. Where the amount of the verdict bears a reasonable relationship to the character and extent of the injury and damage sustained, it is not excessive. *Watson v. Wilkinson Trucking Co.,* 244 S. C. 217, 136 S. E. (2d) 286.

The testimony shows that the plaintiff is a housewife and the mother of ten children, the oldest being eighteen years of age, and the youngest four years old. The testimony also shows that the plaintiff suffered a laceration of her forehead and a fracture of the middle third left femur which required hospitalization from December 2, 1962, until December 23, 1962, during much of which time she suffered pain. An operation was performed upon the plaintiff on December 5, 1962, and the surgeon inserted a nail or rod two and one-half feet in length which was driven up through the bone and out through the hip, an incision being necessary to allow the nail or rod to come out. This inserted nail or rod was allowed to remain in her leg until August 19, 1964, when another operation was performed for the removal of the pin or nail. It was necessary for the plaintiff to remain in the hospital some eight days after this operation. The physician testified that plaintiff had some abnormality in her usual walking gait. The surgeon testified at the time of the trial that the plaintiff was still having swelling of her left foot, ankle and leg and that it would be a long time before all of her swelling subsided. He also testified that the scars on the forehead and leg were of a permanent nature.

We think that the damages assessed by the jury, in the light of the injuries sustained, finds reasonable support in the record. We cannot say on the record

before us that the verdict of the jury was so excessive as to justify us in holding that the Trial Judge abused his discretion in refusing a new trial on the ground of excessiveness.

The plaintiff has appealed from the order of the Trial Judge directing a verdict for the respondent *non obstante veredicto,* upon the ground that she being the wife of the respondent could not maintain an action against him for a tort committed by their minor unemancipated child, who was the driver of the family automobile at the time of her injury. We think it unnecessary to pass upon this question because we are convinced that the judgment of the lower Court should be affirmed on another ground, we being at liberty to affirm such on any ground appearing in the record. Supreme Court Rule 4, Section 8.

The plaintiff alleges that she was a guest passenger in an automobile owned by the respondent and being operated at the time of her injury by and through his agent and servant, Carol Ann Ray, his daughter. Since the plaintiff was a guest passenger in the automobile of the respondent this action is governed by the guest statute, Section 46-801, Code of 1962. Under this statute, a guest cannot recover against the owner of an automobile for simple negligence. The statute, as construed by this Court, restricts liability to cases where injury has resulted from either intentional or reckless misconduct of the owner or operator of the motor vehicle. We have also held that the only duty that the operator of an automobile owes to a guest passenger is not to injure her willfully or by misconduct in reckless disregard of her rights. *Elrod v. All,* 243 S. C. 425, 134 S. E. (2d) 410. The burden was upon the plaintiff, suing under the guest statute, to establish that her injuries were the result of the respondent's willful or reckless misconduct in the operation of his automobile through the agency of his daughter. *Guyton v. Guyton,* 244 S. C. 357, 137 S. E. (2d) 273.

362

We have carefully reviewed all of the evidence in this case and conclude that the only reasonable inference to be drawn therefrom is that the respondent was not guilty of intentional, willful or reckless misconduct in the operation of his automobile through the agency of his daughter. In view of this conclusion there is no liability of the respondent to the plaintiff under the guest statute.

The exceptions of the appellant and the plaintiff are overruled and the judgment of the Lower Court is affirmed.

Affirmed.

TAYLOR, C. J., LEWIS and BUSSEY, JJ., and LIONEL K. LEGGE, Acting Associate Justice, concur.