### 18567

Sue Ellen McVEY, Respondent, v. Jesse B. WHITTINGTON, Appellant

(151 S. E. (2d) 92)

448

*Messrs. Rogers, McDonald & Ross,* of Columbia, *for Appellant,*

*Messrs. Frank L. Taylor, Kermit S. King* and *John W. Williams, Jr.,* of Columbia, *for Respondent,*

October 31, 1966.

Moss, Chief Justice.

This appeal arises out of an action commenced by the respondent against the appellant to recover damages for alleged personal injuries sustained by her when she was struck by an automobile operated by the appellant while she, in the company of four other persons, was attempting to push a stalled vehicle off of Highway I-26, just north of the City of Columbia. It appears from the record that at approximately 10:45 P.M. on October 10, 1963, the respondent was a passenger in an automobile traveling on Highway I-26 towards Columbia. Also traveling in the automobile besides the respondent and the driver were two other couples. For some reason the motive power of the automobile in which the respondent was traveling failed. At that time the automobile was proceeding towards Columbia from Newberry and was traveling in the right-hand lane. Interstate Highway I-26 consists of four lanes, two lanes being for eastbound traffic and two lanes being for westbound traffic. The respondent, traveling towards Columbia, was in the eastern roadway which is paved with concrete at a width of twenty-four feet, providing two twelve foot lanes of traffic. To the right of the roadway is an asphalt strip which is twelve feet in width and is intended for parking in cases of emergency. The automobile in which the respondent was traveling at the time its motive power failed was in the right-hand lane of the concrete portion of the highway.

When the motive power of the automobile failed, the car still had momentum but instead of steering the car off of the concrete portion of the highway onto the asphalt strip provided for parking in cases of emergency, the driver allowed the car to stop on the concrete travel portion of the highway in the right-hand lane. After the car stopped, five of the six occupants, including the respondent, got out to push the car off the main travel portion of the highway and onto the twelve foot emergency strip. One young lady was left in the car to steer the car off of the highway as the

others pushed it. While those persons were in the process of pushing the automobile, the appellant, driving his automobile in the same lane of the highway and in the same direction, drove into the rear of the stalled vehicle, striking the respondent and crushing her legs between the bumpers of the two cars. The other four persons who were pushing the stalled vehicle were able to remove themselves from behind the automobile to a place of safety. At the place of the accident the highway is straight and level for a distance of approximately one-half mile. The weather was clear.

The case was tried at the 1965 September term of the Court of Common Pleas for Richland County before The Honorable James A. Spruill, Jr., and a jury. The jury returned a verdict in favor of the respondent for actual damages. This appeal is from the trial judge's failure to grant appellant's motions for a directed verdict and for judgment *non obstante veredicto,* or, in the alternative, for a new trial. The questions presented by the exceptions are whether there was any evidence of actionable negligence on the part of the appellant; whether the respondent was guilty of contributory negligence as a matter of law; and whether the trial judge incorrectly refused to allow testimony indicating that the driver of the automobile in which the respondent was riding had been drinking.

The question of whether or not there was error in refusing the motions of the appellant for a directed verdict, judgment *non obstante veredicto* and, alternatively, for a new trial, upon the two grounds hereinbefore stated, requires us to consider the testimony and the reasonable inferences to be drawn therefrom in a light most favorable to the respondent. If more than one reasonable inference can be drawn, the case must be submitted to the jury. *Ray v. Simon,* 245 S. C. 346, 140 S. E. (2d) 575. With these principles in mind we will proceed to review the evidence contained in the record.

The respondent testified that when the car stopped all of the persons in it except one got out of the car to push it off

of the highway to the right onto the asphalt strip. She testified that when they began to push the automobile James Rabon was at the left-hand side at the rear of the car; Charles Bishop was directly in the back on the left-hand side; she was next to Bishop; Ruth Farmer and John Shepherd were to her right. According to her testimony, when she got out of the car she looked to the rear and saw no vehicles approaching on the highway nor did she see any glow of lights over the crest of the hill approximately one-half mile away. Immediately the persons began pushing the automobile and after they had moved a few steps she heard James Rabon give a warning and tires squeal on the pavement. She testified that she attempted to move to her right but was unable to get out of the way of appellant's on-coming automobile. She said that Ruth Farmer and John Shepherd moved onto the asphalt strip of the road. Bishop jumped on the trunk of the car. She could not recall where Rabon went. Rabon testified that when he first saw appellant's automobile approaching from the rear he immediately gave a warning and went around the left-hand side of the car towards the front, hugging the car as he went. He denied that he entered into the left lane for eastbound traffic and testified that no one else ran into the left lane.

The appellant testified that he was driving on Highway I-26 towards Columbia on his way to work. He said he met three cars which were across the median and traveling west towards Newberry and dimmed his lights when he met them. As he was about to brighten his lights after the cars going towards Newberry had passed, he saw five persons on the concrete strip in the right-hand lane in which he was driving. He further testified as follows:

"I hit my brakes as quick as I could, and intended to slow down and move over in the left lane where I could get by without anybody getting hurt. Well, when I hit my brakes, the two people on the left-hand side of the car moved over in this other lane. Well, I seen I couldn't go that way because, if I did, I would kill them two people. So I decided then that I would move over to the right and go around on

that emergency parking strip that he showed you there—it was black-top—and when I got pulled over to where I could go around there, there was two run over in that area, and this lady that got hurt here, she started but she didn't get out of the way. She lacked about four inches of getting out of the way, and I took the back end of the car, thinking maybe she would get out of the way before I got into, the car.

"Q. Now, did this happen quickly, Did all this happen pretty quickly?

"A. Well, when I first saw them, the first thing I thought of was to get on my brakes, which I did, and the next thing I thought of was to move over in this lane and go around to the left and pass them in that passing lane, but when these two men or women—they had on slacks, some of them did, and you couldn't tell a man from a woman—they moved over into that lane, and that cut me off from going that way."

* * *

"Q. When you first saw these folks there and the car there, what was obstructing you in the lefthand lane?

"A. Not anything, only I was scared them people would run over there and get run over.

"Q. Now this was before anything happened—there was nothing over in that left-hand lane?

"A. That's right, but if had run by there at 55 miles an hour, and they had stepped out over in there, it would just have been a bunch of dead people, that's all, and I couldn't have done a thing about it, but I was going to slow down to where I would know I was safe to move over into this lane and go by, and when I slowed down, they moved over in the lane, and that blocked my passing."

* * *

"Mr. Williams: Mr. Whittington, when you first saw these folks standing in the road, did you have your ear under control?

"The Witness: Yes, sir.

"Q. Most anything you wanted to do, you could have done?

"A. At the time, yes, sir."

The appellant testified that when he first saw the stalled automobile and the persons pushing it he was approximately one hundred or one hundred and twenty-five feet away from them. There was testimony by a disinterested party, who appears to have been the first person to arrive at the scene of the accident, that he could see the outline of an automobile from a good half mile up the road. The respondent offered testimony that the lights on the stalled automobile were burning at all times while she and the others were making an effort to push it off the highway. The testimony was also to the effect that the automobile was equipped with five lights across its rear. The appellant testified that he did not see any lights burning on the stalled automobile until the time when the persons pushing it began to get out of his way. The automobile which the respondent was attempting to push had a white top and the respondent was wearing white slacks.

The trial judge held that there was testimony on the basis of which the jury could have found the appellant to have been negligent and that the question of contributory negligence was properly one to be determined by the jury under the evidence presented. It is our opinion that he was correct in so holding.

The driver of a vehicle approaching a person engaged about an automobile in the highway undoubtedly owes him the duty to exercise reasonable care to avoid injuring him. The question whether such care has been used in any particular case depends upon the facts and circumstances which are made to appear, and is generally one of fact for the determination of the jury. A traveler engaged about an automobile in the highway is bound to use reasonable care for his own safety. The question of whether such care has been exercised, and whether one is guilty of contributory negligence, depends upon the facts in each case,

and is ordinarily one of fact for the jury. 25 A. L. R. 134; 34 A. L. R. 1513; 61 A. L. R. 1159. As a traveler has the right to make reasonable use of the highway for examination or repairs of his motor vehicle while traveling, and it is a lawful use of the highway to render assistance thereon to a wrecked or disabled motor vehicle, the operators of other motor vehicles are bound to use reasonable care to avoid injury to persons working on or about vehicles standing in the highway, even though they have placed themselves in a dangerous position. 60 C. J. S., Motor Vehicles, § 391c, page 957; 7 Am. Jur. (2d), Automobiles and Highway Traffic, Section 381, page 930. The mere fact that a person while working on or about a motor vehicle on a highway is standing or walking in the traveled portion of the way does not render him *per se* guilty of contributory negligence which will bar recovery for injuries sustained when struck by another motorist but the question of his negligence in this regard is ordinarily one of fact for the jury. Even though a person engaged about a vehicle in the highway does not exercise proper care for his own safety, such negligence does not bar recovery for injuries sustained when he is struck by another vehicle, if such negligence does not contribute to his injury. 7 Am. Jur. (2d), Automobiles and Highway Traffic, Section 381, page 931. Ordinarily, contributory negligence is an issue for the jury and it rarely becomes a question of law for the court. If the inferences properly deducible from controverted evidence are doubtful, or tend to show both parties guilty of negligence, and there may be a fair difference of opinion as to whose act proximately caused the injury complained of, then the question must be submitted to a jury. *Griffin v. Pitt County Transportation Co.,* 242 S. C. 424, 131 S. E. (2d) 253; *Ray v. Simon,* 245 S. C. 346, 140 S. E. (2d) 575.

There is testimony in the record from which the jury could have found that in the exercise of due care and in the keeping of a proper lookout, the appellant could have seen the disabled automobile from a distance of one-half mile away. While the appellant denied seeing the lights on the

disabled automobile until immediately prior to impact, there was testimony that the lights were on and it would be a question for determination by the jury as to whether or not the lights were so covered by the persons pushing the disabled automobile as to prevent them being seen. The testimony is in direct conflict as to whether the left lane of travel was clear. The appellant testified that two persons ran into the left lane of travel and prevented him from passing in that lane. The testimony in behalf of the respondent is that no one entered the left lane and that it was clear. The inference from appellant's testimony is that he had his car under control and could have driven around the disabled vehicle in the left lane had it been clear. If the jury believed that the left lane was clear this would have warranted it in finding the appellant negligent in not driving to the left around the disabled vehicle and that he could have avoided striking the respondent by so doing.

The trial judge charged the jury as to the law of sudden emergency. It is the position of the appellant that the trial judge should have held as a matter of law that the appellant used due care after the sudden emergency arose and hence was not negligent. We think the trial judge was correct in submitting this issue to the jury. When the driver of an automobile is confronted with a sudden emergency brought about by the negligence of another and not by his own negligence, and compelled to act instantly to avoid a collision or an injury, he is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make, even though he did not make the wisest choice. *Elrod v. All,* 243 S. C. 425, 134 S. E. (2d) 410. We think the question of sudden emergency in this case was one for the jury under the facts heretofore recited.

In view of the testimony contained in the record, the trial judge could not have ruled that the respondent was guilty of contributory negligence as a matter of law. The appellant charges that the respondent was guilty

of contributory negligence in that she failed to suggest to the driver of the automobile that he pull same off of the highway onto the emergency strip, thereby abandoning the exercise of her own faculties and entrusting her safety absolutely to the driver, and also that she failed to keep a proper lookout after emerging from the automobile. We do not think that the failure of the respondent to suggest to the driver of the automobile that he allow it to roll off of the traveled portion of the highway onto the emergency strip when it stalled constituted contributory negligence as a matter of law. The question of contributory negligence of a passenger in an automobile driven by another is usually for the jury. *Crapse v. Southern Railway Co.,* 201 S. C. 176, 21 S. E. (2d) 737. While it is inferable from the record that the automobile had some momentum after its motive power failed, the testimony does not give rise to the sole conclusion that there was sufficient momentum for the car to roll onto the emergency strip. The nature of the difficulty occurring in the mechanism of the car causing the motive power failure does not clearly appear from the record. If the automobile was unable to roll onto the emergency strip, a suggestion by the respondent to the driver that he proceed onto it would have been vain and futile. This particular charge made by the appellant against the respondent, if amounting to a failure on her part to exercise due care, would not prevent recovery by her unless it contributed to her injury. *Crapse v. Southern Railway Co.,* 201 S. C. 176, 21 S. E. (2d) 737. We think it cannot be said as a matter of law that the respondent was guilty of negligence directly contributing to her injury merely because of her failure to make the suggestion asserted by the appellant to be her duty, but it was a circumstance to be considered by the jury in passing upon the question of respondent's negligence together with the other circumstances of the case.

While giving assistance in the removal of the disabled automobile from off of the highway the respondent was engaged in a lawful use of the highway. 60 C. J. S., Motor Vehicles, § 391c, page 957. She testified that she looked be-

hind the disabled automobile and saw no vehicle approaching nor did she see any lights glowing over the crest of the hill which was one-half mile away. Whether or not the circumstances were such that she should have seen appellant's oncoming automobile before she did see it was a question for determination by the jury. Under the circumstances of this case, the question of negligence on the part of the respondent must be considered with the question of negligence of the appellant. Assuming both parties were guilty of negligence and there being a fair difference of opinion as to whose act proximately caused the injury complained of such was properly submitted to the jury. *Ray v. Simon*, 245 S. C. 346, 140 S. E. (2d) 575.

The next question raised by the exceptions is whether the trial judge erred in excluding testimony of a highway patrolman relating to drinking on the part of the driver of the automobile in which the respondent had been riding. The respondent testified under cross examination that there had been no drinking on the part of anyone in the automobile and that she did not smell alcohol on any of the occupants. A highway patrolman testified for the appellant and attempted to say that he smelled alcohol on the breath of the driver at the hospital some time after the collision. An objection to such testimony was sustained by the trial judge on the ground that it had no relevancy to the issues presented in the case between the respondent and the appellant. It is now the contention of the appellant that this testimony should have been admitted as bearing on the credibility of the respondent. The appellant has not challenged the ruling of the trial judge that the testimony was not relevant on any issue in the case. The question of drinking on the part of the driver of the disabled motor vehicle is a collateral issue. Being such, the answer given by the respondent was conclusive as against the appellant and could not be contradicted by other witnesses. *Smith v. Smith*, 194 S. C. 247, 9 S. E. (2d) 584; *State v. Milam*, 88 S. C. 127, 70 S. E. 447, and *State v. Brock*, 130 S. C. 252, 126 S. E. 28. The exception posing the aforesaid question is overruled.

459

The judgment of the lower court is affirmed.

Lewis, Bussey and Brailsford, JJ., and Lionel K. Legge, Acting Associate Justice, concur.