20106

Christine GOSS, Appellant, v. Carl A. MITCHELL, Respondent.
(219 S. E. (2d) 666)

*Messrs. Howe & Regan,* of Charleston, *for Appellant,* cite:

*Messrs. Young, Clement & Rivers,* of Charleston, *for Respondent,* cite:

November 17, 1975.

RHODES, Justice:

This is an action for personal injuries by plaintiff-appellant, Christine Goss, against the defendant-respondent, Carl A. Mitchell. Goss was injured as a result of a one-car automobile accident in which she was the sole passenger and Mitchell was the driver. The lower court directed a verdict for Mitchell on the ground that there was insufficient evidence of actionable negligence to submit the case to the jury.

The answer, for purposes of this appeal, contained only a denial of the material allegations of the complaint and the defense of sudden emergency. The defense of contributory negligence was not raised in the answer and counsel have conceded that the Guest Statute (§ 46-801) is not applicable. The sole issue, therefore, is whether the evidence, when viewed in the light most favorable to Goss, reasonably sustains an inference of actionable negligence on the part of Mitchell.

The accident occurred on a cold, foggy night while Goss was being driven home by Mitchell from a church revival. Goss sustained her injuries when the automobile left the road and struck a brick wall on the opposite side of the road from the lane in which it was traveling. The accident occurred on a two-way paved public highway consisting of two lanes, each nine feet in width. The speed limit was 45 miles per hour and the roadway was straight and level in the area in which the accident occurred.

Mitchell testified that an approaching truck was "driving on two lanes and I mashed the brakes and the brakes pulled to the left and I skid off the road." Goss testified on direct examination that there was no other vehicle on the road, from which we quote:

"Q. Would you try to describe in a little more detail for us what happened, Mrs. Goss?

"A. Well it was foggy that night on the way from the church and Carl came and pick me up, so I was look at my

books and he slid off the road. I don't know what happened else.

"Q. Was any other vehicle on the road?

"A. No, sir."

The testimony further reflects that Mitchell first saw the truck when it was only 35 to 50 feet in front of him, and that he was traveling 40 or 45 miles per hour when he applied the brakes. Goss testified that the distance between the left edge of the pavement and the brick wall was 50 feet. Mitchell testified that although he had not driven the car before, he had had occasion to use the brakes earlier in the evening and knew that the car pulled to the left when the brakes were applied.

When the above facts and circumstances are reckoned with in the light of ordinary experience, they are sufficient to justify the following inferences: (1) Mitchell was not keeping a proper lookout, and (2) he did not keep the vehicle under proper control. As stated in *Yaun v. Baldridge,* 243 S. C. 414, 134 S. E. (2d) 248 (1964), "[o]ne operating a vehicle on a public highway owes an urgent duty to keep a proper lookout and to keep the vehicle under proper control." Since the presence of another vehicle was denied by Goss, the jury could have with reason concluded that no sudden emergency existed. Moreover, even if the jury should conclude that a sudden emergency did exist, then it could have reasonably concluded that Mitchell's negligence contributed to its creation or that his conduct in light of the emergency was negligent. *McVey v. Whittington,* 248 S. C. 447, 151 S. E. (2d) 92. (1966). We conclude that the evidence presented a jury issue as to whether the personal injuries sustained by Goss were proximately caused by the negligence of Mitchell, and his motion for a directed verdict was improperly granted by the lower court.

The judgment of the lower court is reversed and this case is remanded for a new trial.

Lewis, C. J., and Littlejohn, Ness and Gregory, JJ., concur.

Reversed and remanded.