JOHNNY D. BENSON, BY HIS NEXT FRIEND, J. L. BENSON, PLAINTIFF V. THOMAS C. DARK AND JOEY CHALIFOUR, ORIGINAL DEFENDANTS, AND FREDDIE L. BENSON AND DAYTON BARBOUR, ADDITIONAL DEFENDANTS.

(Filed 28 April, 1965.)

APPEAL by original defendants Thomas C. Dark and Joey Chalifour from *McKinnon, J.,* January, 1964 Session, JOHNSTON Superior Court.

Johnny D. Benson, by his Next Friend, instituted this civil action against the original defendants, Thomas C. Dark, driver, and Joey Chalifour, owner, of a Ford station wagon which crashed into the Chevrolet station wagon owned by defendant Dayton Barbour and being driven by Freddie Lewis Benson, in which the plaintiff was a passenger. According to the evidence, the collision occurred on N. C. Highway No. 50 near Benson as both vehicles were proceeding north at 7:15 p.m. on February 6, 1963. The evidence of both parties disclosed that the Chevrolet slowed down, giving a mechanical turn signal indicating the driver intended to leave the highway. Thus far the evidence is free from conflict.

The plaintiff's witnesses testified the driver of the Chevrolet gave a left turn signal and was in the act of executing the indicated movement into a private driveway when Dark, attempting to pass on the left, crashed into the side of the Chevrolet, injuring the plaintiff.

The defendants' witness testified the driver of the Chevrolet slowed down, gave a right turn signal, but instead turned left in front of Dark who was attempting to pass on the left, thus causing the crash.

The original defendants interpleaded the additional defendants, owner and driver of the Chevrolet, who counterclaimed against defendant Dark for personal injury to Freddie Benson and damage to Barbour's Chevrolet. The original defendants denied negligence and filed a cross action against the additional defendants.

The jury found the plaintiff was injured by the negligence of the original defendants; that the plaintiff was not contributorily negligent; that the negligence of the additional defendants did not concur in causing the plaintiff's injury, for which the jury awarded $3,500.00. The jury found Chalifour was not damaged by the negligence of Freddie L. Benson but that Benson was damaged by the negligence of Thomas C. Dark, for which Freddie L. Benson was entitled to recover $2,500.00 for his personal injury and Dayton L. Barbour was entitled to recover $250.00 damages to the Chevrolet station wagon. From a judgment in accordance with the verdict, the original defendants appealed.

*Smith, Leach, Anderson & Dorsett by Willis Smith, Jr., for Original Defendants Thomas C. Dark and Joey Chalifour, appellants.*

*Albert A. Corbett, for additional defendants Freddie L. Benson and Dayton Barbour, appellees.*

PER CURIAM.  The original defendants assign as error (1) the refusal of the court to enter judgment of compulsory nonsuit in the plaintiff's action at the close of the evidence, (2) the refusal to enter nonsuit on the cross action of the additional defendants against the original defendants. The appellants abandoned their first assignment but insist that the evidence was insufficient to make out a case of negligence against the original defendants and was sufficient to show contributory negligence on their part as a matter of law.

With respect to the collision and the resulting injuries, there was little dispute. The crux of the controversy involved the question whether the driver of the Chevrolet gave a mechanical signal of his intention to turn left as he claimed, or whether he gave a right turn signal and violated it by turning left. At the time there was no other traffic involved. The jury resolved the disputed issues of fact in favor of the plaintiff and the additional defendants. Error in the trial does not appear.

No error.