19114

Gross Lee STILL, Respondent, v. Freeman BLAKE, Appellant

(177 S. E. (2d) 469)

*Marshall B. Williams, Esq.*, of Orangeburg, *for Appellant,*

*Messrs. Kearse, Kemp & Rhoad,* of Bamberg, *for Respondent,*

October 28, 1970.

Moss, Chief Justice:

This action was instituted by Gross Lee Still, respondent, against Freeman Blake, appellant, to recover damages alleged to have been sustained to his person and automobile as a result of a collision between the automobiles driven by the parties, which collision occurred on April 27, 1968, at the intersection of U. S. Highway No. 78 and Church Street in the Town of Denmark, South Carolina.

The respondent alleged in his complaint that his personal injury and property damage were proximately caused by the negligence and recklessness of the appellant in the operation of his automobile, in the following particulars: (a) in failing to keep a proper lookout for other motor vehicles using the public highway; (b) in failing to properly signal his intended movements or giving an improper signal of his intention to make a turn; (c) in signalling for, and beginning a right-hand turn and suddenly and without warning turning to his

left into the automobile operated by the respondent; (d) in making a left-hand turn from the far right portion of the northbound lane of said highway; (e) in failing to use due care under the existing circumstances; and (f) in violating the statutory laws with reference to turning at an intersection of the highway.

The appellant, by answer, interposed; (1) a general denial; (2) sole negligence and recklessness of the respondent; and (3) the respondent's contributory negligence, recklessness and wantonness.

The case came on for trial before The Honorable Francis B. Nicholson, presiding judge, and a jury, at the 1969 October term of the Court of Common Pleas for Bamberg County, and resulted in a verdict in favor of the respondent for actual damages.

At appropriate stages of the trial the appellant made motions for a nonsuit and directed verdict in his favor and, after the verdict, for judgment *non obstante veredicto* upon the ground that, as a matter of law, the only reasonable inference to be drawn from the testimony was that the respondent was guilty of contributory negligence, recklessness and willfulness, and such barred any recovery against the appellant. These motions were refused and this appeal followed. The question for determination by this court is whether the trial judge erred in refusing the motions of the appellant.

The question of whether or not there was error in refusing the motions of the appellant for a directed verdict or judgment *non obstante veredicto,* requires us to consider the testimony and the reasonable inferences to be drawn therefrom in a light favorable to the respondent. If more than one reasonable inference can be drawn from the evidence, the case must be submitted to the jury. However, if the evidence is susceptible of only one reasonable inference, the question is no longer one for the jury but one of law for the court. Ordinarily, contributory negligence and recklessness is an issue for the jury and rarely becomes a question

of law for the court. If the only reasonable inference to be drawn from all the testimony is that the negligence and recklessness of the respondent is a direct and proximate cause of his injury and damage, or such contributed as a direct and proximate cause, then it would be the duty of the trial judge to order a nonsuit or direct a verdict. However, if the inferences properly deducible from controverted evidence are doubtful or tend to show both parties guilty of negligence or recklessness and there may be a fair difference of opinion as to whose act proximately caused the injury complained of, then the question must be submitted to the jury. *Griffin v. Pitt County Trans. Co.,* 242 S. C. 424, 131 S. E. (2d) 253; *Ray v. Simon,* 245 S. C. 346, 140 S. E. (2d) 575.

It appears from the testimony that just prior to the collision both vehicles were traveling west on U. S. Highway No. 78 in the direction of the Town of Denmark. The car of the respondent was following that of the appellant and had been for about a mile and a quarter before the collision, maintaining an estimated distance behind it of 400 to 500 feet. The respondent further testified that at approximately 600 feet before reaching the intersection of U. S. Highway No. 78 and Church Street in the Town of Denmark, the appellant began giving a mechanical right turn signal and when approximately 400 feet from the intersection he drove to the right side of the highway with the result that his two right wheels were off the pavement and on the grass shoulder of the highway and so traveled until he reached the intersection.

The respondent testified that the appellant proceeded toward the intersection, giving every indication by his mechanical turn signal and position of his car on the highway that he intended to execute a right turn upon reaching Church Street. He further testified that it was his intention to pass through the intersection and to proceed by appellant's car simultaneously with the appellant turning to the right and clearing the highway's right lane. The respondent, in an attempt to carry out this intention, continued down the right

lane of the highway, anticipating the appellant's right turn. When approximately 150 feet from the intersection, the appellant suddenly turned to the left and in front of the respondent's vehicle. The respondent, in an effort to avoid colliding with the appellant's car, turned his car left from the right lane and applied his brakes but such effort was unsuccessful and a collision resulted with the respondent's car colliding with the forward left side of the appellant's vehicle.

There was conflicting testimony as to the length of the tire marks on the highway. A surveyor testified that these marks were 124 feet in length; however, an officer testified that the marks were 240 feet in length, and the respondent testified that he applied his brakes approximately 150 feet from the intersection. These marks on the highway commenced in the right lane thereof and veered therefrom across the center line to the point of impact.

There was testimony by a pedestrian who witnessed the collision, and by a driver of a following car, that the appellant gave a mechanical signal for a right turn as he approached the intersection, and when he reached the intersection, contrary to his mechanical signal, he made a sudden left turn.

We now turn to the testimony offered by the appellant and his version is in direct conflict with that given by the respondent. The appellant testified, and his mother, a passenger in the backseat of the car, gave like testimony, that on the day of the collision he was driving the family car with several members of his family as passengers and proceeding east on U. S. Highway 78, traveling towards the Town of Denmark, there intending to visit his sister who was a student at Voorhees College. He stated that he was aware of the respondent's car following him as he continued down the highway and approached the Church Street intersection, but had no knowledge of the respondent's attempt to proceed through the intersection to the left of his vehicle until seconds before the collision. He further testified that approximately 200 feet

before reaching the Church Street intersection, he began giving a mechanical left turn signal, indicating his intended direction of travel upon arrival at the intersection and he had also positioned his car to the extreme left side of his lane of the highway in preparation for such turn. When he reached Church Street he turned left in the direction of his signal and towards Voorhees College and he immediately heard the sound of tires skidding upon the highway, with the above-mentioned collision resulting moments later.

It is provided in Section 46-402 of the Code that a driver of a motor vehicle intending to turn at an intersection shall do so as follows:

"(1) *Right turns.*—Both the approach for a right turn and a right turn shall be made as close as practical to the right hand curb or edge of the roadway;

"(2) *Left turns on two-way roadways.*—At any intersection where traffic is permitted to move in both directions on each roadway entering the intersection, an approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and by passing to the right of such center line where it enters the intersecion, and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered, and whenever practicable the left turn shall be made in that portion of the intersection to the left of the center of the intersection; and * * *."

Section 46-405 of the Code, provides:

"No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon a roadway as required by §§ 46-402 and 46-403 or turn a vehicle to enter a private road or roadway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety."

It is provided in Section 46-406 of the Code that no person shall turn any vehicle without giving an appropriate signal in the manner herein provided, in the event any other traffic

may be affected by such movement. A signal of intention to turn right or left when required shall be given continuously during not less than the last 100 feet of travel by the vehicle before turning. Section 46-408 of the Code provides that any turn signal when required shall be given either by means of the hand and arm or by a mechanical signal device.

A violation of these sections of the Code constitutes negligence *per se* and is evidence of recklessness and willfulness. Even though the violation of an applicable statute is negligence *per se* and some evidence of recklessness and willfulness whether or not such violation contributed as a proximate cause is ordinarily a question for the jury. *Rowe v. Frick,* 250 S. C. 499, 159 S. E. (2d) 47.

There is evidence here that the appellant in approaching Church Street drove to the right of U. S. Highway 78 and gave an appropriate mechanical signal of his intention to turn right from the said highway and into Church Street. The respondent, having seen the signal given by the appellant, had the right to assume, in the absence of circumstances which would reasonably give notice to the contrary, that the appellant would execute a right turn at Church Street, in accordance with his previous signal. The respondent was under no duty to anticipate the negligent or willful acts on the part of the appellant and in assuming that the appellant's vehicle would be operated in accordance with the signal given, he would not be negligent, let alone reckless, in his so assuming. *Kennedy v. Carter,* 249 S. C. 168, 153 S. E. (2d) 312. Of course, this assumption, to which the respondent was entitled, did not relieve or excuse him from exercising due care for his own safety, as well as that of others, but, in determining whether or not he was guilty of any failure to exercise due care, his conduct has to be judged in the light of the assumption to which he was entitled. *Beverly v. Sarvis,* 246 S. C. 470, 144 S. E. (2d) 220.

If it was the intention of the appellant to turn left when he reached Church Street, it was his duty to position his

automobile as is required by Section 46-402(2) of the Code, and give the appropriate signal required by Section 46-406 of the Code. The appellant testified that he complied with these requirements.

The testimony in behalf of the respondent is that the appellant slowed down, gave a right turn signal, but instead turned left in front of the respondent, thus causing the collision. The testimony in behalf of the appellant was that he gave a left turn signal and was in the act of executing the indicated movement when the respondent attempted to pass on the left and smashed into the side of his automobile. A like factual situation was presented in *Benson v. Dark,* 264 N. C. 366, 141 S. E. (2d) 477. The North Carolina Supreme Court said:

"With respect to the collision and the resulting injuries, there was little dispute. The crux of the controversy involved the question whether the driver of the Chevrolet gave a mechanical signal of his intention to turn left as he claimed, or whether he gave a right turn signal and violated it by turning left. At the time there was no other traffic involved. The jury resolved the disputed issues of fact in favor of the plaintiff and the additional defendants. Error in the trial does not appear."

When the driver of a vehicle has indicated an intention to turn right off of a highway or street and has positioned his vehicle as required by Section 46-402 (1) of the Code, and has given an appropriate signal as required by Section 46-406 of the Code, the driver of a motor vehicle to the rear is warranted in concluding that the vehicle in front will continue its indicated course, and if the lead vehicle is suddenly turned to the left under such circumstances so as to be brought into collision with the following vehicle, the question of whether the driver of the following vehicle was guilty of contributory negligence and willfulness was for the determination of the jury.

In *Oliver v. Blakeney,* 244 S. C. 565, 137 S. E. (2d) 772, we said:

"In determining issues of negligence and contributory negligence arising out of collisions between vehicles proceeding in the same direction, we have held that a leading vehicle has no absolute legal position superior to that of one following. Each driver must exercise due care under the circumstances. As a general rule, the driver of the leading vehicle is required to make reasonable observations under the circumstances to determine that the particular movement of his vehicle, such as turning, slowing up, or stopping, can be made with safety to others, and to give adequate warning or signal of his intentions. The driver of the following vehicle owes a reciprocal duty to keep his vehicle under reasonable control and not to follow too closely. The proper distance to be maintained in all cases between a following vehicle and the one ahead cannot be determined by any mathematical formula. The statutory injunction in this State, Section 46-393, is simply that the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of the vehicles and traffic conditions at the time. The question of whether due care was exercised is controlled by the circumstances of the particular case and will not be determined by the court as a matter of law if the testimony is conflicting or the inferences to be drawn therefrom are doubtful."

The appellant argues that the respondent violated Sections 46-361 and 46-363 of the Code, in that he was operating his vehicle at a speed in excess of what would be considered reasonable and prudent in approaching an intersection. However, we have failed to find any direct evidence in the record that would indicate that the respondent was driving his automobile at a rate of speed that would constitute a violation of the cited statutes. There is testimony that the respondent was driving his vehicle within the posted speed limit and that he reduced his speed as he approached the intersection, as did the appellant. While testimony was introduced establishing that the respondent's vehicle left at least 124 feet of tire marks upon the highway, the appellant offered no proof

correlating the existence of such marks or their length with the speed at which the respondent's vehicle was traveling when the brakes were applied. Under the factual situation it was for the jury to determine whether the respondent had violated the aforesaid sections of the Code and whether such operated as a concurring proximate cause to his injury and damage.

It is the position of the appellant that the respondent violated Section 46-388(2) of the Code, which prohibits the driving of a vehicle to the left side of the roadway when approaching within 100 feet of or traversing an intersection. There is testimony that the respondent was driving his automobile in the right lane of the highway in the direction in which he was traveling and only veered to the left in an effort to avoid colliding with the vehicle of the appellant who had suddenly turned to the left in the highway after giving a right turn signal. In determining whether or not the operator of an automobile was justified in turning out to the left, the usual rule applicable to acts in emergencies generally applies. When the driver of an automobile is confronted with a sudden emergency brought about by the negligence of another and not by his own negligence, and compelled to act instantly to avoid a collision or an injury, is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in a like position might make, even though he did not make the wisest choice. *Elrod v. All,* 243 S. C. 425, 134 S. E. (2d) 410; *McVey v. Whittington,* 248 S. C. 447, 151 S. E. (2d) 92. If the respondent was faced with a sudden emergency and exercised due care under the circumstances, in turning his automobile to the left in an effort to avoid colliding with the appellant's automobile, he was not guilty of negligence and recklessness. However, this was a question for determination by the jury.

We conclude, under the conflicting evidence revealed by this record, that an issue of fact for jury determination was presented as to whether the respondent was guilty of contrib-

utory negligence and recklessness. More than one reasonable inference could be drawn from the testimony upon this issue and this required the trial judge to submit such to the jury. It follows that the trial judge committed no error in refusing the motions of the appellant for a directed verdict and judgment *non obstante veredicto*.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.