19926

Mattie OLIVER, Administratrix of the Estate of Prophet O. Evans, Respondent, v. William B. BRAZELL, Appellant

(212 S. E. (2d) 922)

*Messrs. Belser, Kemmerlin & Ravenel,* of Columbia, *for Appellant.*

*Messrs. Hammer and Bernstein,* and *Hyman Rubin* of *Rogers, McDonald, McKenzie & Fuller,* Columbia, *for Respondent.*

December 11, 1974.

## ORDER

Since two members of the Court would affirm the judgment, two would reverse and enter judgment for the defendant, and one would grant a new trial, the members of the Court, adhering to their respective views, agree that the resulting mandate must be that the judgment under appeal be reversed and the case remanded for a new trial; and it is so ordered.

Moss, Chief Justice:

This action was instituted on August 16, 1963, by Mattie Oliver, as administratrix of the estate of Prophet O. Evans, deceased, the respondent herein, against William B. Brazell, the appellant herein, to recover damages for the wrongful death of Prophet O. Evans. The action was brought pursuant to Section 10-1951 *et seq.,* of the 1962 Code of Laws of South Carolina, for the benefit of Nancy Evans, the mother and sole beneficiary under the statute.

Prophet O. Evans lost his life when the bicycle he was riding collided with an automobile driven by the appellant. The complaint alleges that the death of the respondent's intestate was proximately caused by the negligence and carelessness of the appellant in the operation of his automobile. The answer of the appellant contained a general denial, sole negligence of Prophet O. Evans, and his contributory negligence.

This case came on for trial before the Honorable Legare Bates, presiding judge, and a jury, at the 1973 June Term of the Richland County Court and resulted in a verdict in favor of the respondent for actual damages.

The appellant at appropriate stages of the trial moved for a directed verdict, and after the verdict, for judgment *non obstante veredicto* upon the grounds that there was no showing of any negligence on the part of the appellant which was a proximate cause of the death of Prophet O. Evans, and even if the appellant was negligent, respondent's intestate was guilty of contributory negligence as a matter of law. These motions were refused and this appeal followed.

The question of whether there was error in refusing the motions of the appellant for a directed verdict and judgment *non obstante veredicto* requires us to consider the testimony and the reasonable inferences to be drawn therefrom in a light most favorable to the respondent. If more than one reasonable inference can be drawn from the evidence, the case must be submitted to the jury. However, if the evidence is susceptible of only one reasonable inference, the question is no longer one for the jury, but one of law for the court. Ordinarily, contributory negligence is an issue for the jury. If, however, the only reasonable inference to be drawn from all the testimony is that the negligence of respondent's intestate was a direct and proximate cause of his death, or such contributed as a direct and proximate cause, then it would be the duty of the trial judge to direct a verdict in favor of the appellant. *Still v. Blake,* 255 S. C. 95, 177 S. E. (2d) 469.

The collision giving rise to this action occurred on June 22, 1963, at approximately 12:30 p. m. on U. S. Highway No. 321, about two miles north of the city of Columbia. At the scene of the collision the highway runs generally north and south and is a two-lane paved highway, with one lane for northbound and one lane for southbound traffic.

The appellant was driving his automobile in a northerly direction in the proper lane of the highway in a 55 miles per hour speed zone.

The respondent's intestate, who was fifteen years old at the time, was also going north riding a bicycle in the southbound lane of the highway, in violation of Section 46-453 of the 1962 Code of Laws, which required him to ride as near to the right side of the roadway as was practicable.

As the appellant was going north, he met a string of automobiles going south and traveling in their proper lane. These southbound automobiles moved over near the center line of the highway to avoid colliding with respondent's intestate as he was traveling north in their lane of travel. As the last of the southbound automobiles passed the bicycle, the evidence shows that the respondent's intestate suddenly undertook to make a right turn across the southbound lane into the northbound lane colliding with the left side of the automobile of the appellant without first ascertaining that it was safe for him to do so and without giving any signal of his intention to make such a turn. He either failed to look for what was plainly there for him to see or, having seen, disregarded what he saw.

While the testimony relating to this occurrence, taken in the light most favorable to the respondent, might tend to show some negligence on the part of the appellant, a careful consideration of all the evidence leads us to the conclusion that the failure of respondent's intestate to exercise due care and precaution for his own safety constituted a proximate contributing cause of his injury and death. There was no evidence which would permit an inference other than that respondent's intestate, without signal or warning, and apparently without looking or seeing the oncoming automobile of the appellant, was negligent as a matter of law and such contributed as a proximate cause to his injury and death.

Having concluded as a matter of law that the respondent's intestate was guilty of negligence which contributed

as a proximate cause to his injury and death, it was the duty of the trial judge to grant the appellant's motion for a directed verdict.

In view of the conclusion we have reached, it becomes unnecessary to consider the other questions raised by the appellant.

LITTLEJOHN, J., concurs.

LEWIS, Justice (dissenting) :

In my opinion the judgment should be affirmed. I therefore respectfully dissent.

The accident out of which this action arose occurred at approximately 12:30 p. m. on U. S. Highway No. 321, about two miles north of Columbia, at or near a grocery store just before reaching the intersection of Sharpe Road and Highway 321. The road in this area was almost straight with a downgrade for a distance of approximately 700 feet before reaching the point of collision from the direction appellant was traveling. The view was unobstructed for this distance.

While appellant testified that he did not see the deceased before the collision, it is inferable from the testimony of the passenger in his car that, if appellant had been keeping a proper lookout, as was his duty, he would have seen the deceased in ample time to have avoided striking him. The passenger testified that he had a clear view; observed the deceased for approximately 700 feet before the collision; saw him indicate, shortly before the impact, that he was going to turn across the highway toward a grocery store, and called out to appellant, "Watch out for the boy on the bicycle." Appellant offered no explanation as to why he failed to see that which was clearly visible to his passenger sitting beside him.

In addition to the inference of a failure of appellant to keep a proper lookout, there is testimony of excessive speed.

This testimony as to speed, if believed, would raise serious questions as to the distance of appellant from the point of impact when the deceased started across the road.

The majority opinion concedes that the testimony "might tend to show some negligence on the part of the appellant" but reverses the judgment on the ground that the deceased a 15 year old boy and only in the 7th grade, was guilty of contributory negligence as a matter of law.

The standard for determining whether the deceased was guilty of negligence was "not whether the child acted as an ordinarily prudent child of its age would have acted, but whether it acted as a child of its age, and of its capacity, discretion, knowledge, and experience would ordinarily have acted under the same or similar circumstances." *Chitwood v. Chitwood,* 159 S. C. 109, 156 S. E. 179. Of course, the facts and circumstances surrounding the injury and death are properly considered in determining the question.

The deceased had just reached 15 years of age. He had failed two grades in school and was in only the seventh grade. He had been reared in the country by his grandmother.

Under the facts and legal principles, the issue of decedent's capacity to exercise due care and whether he was guilty of contributory negligence were for the jury to determine. I would affirm the judgment.

BUSSEY, J., concurs.

BRAILSFORD, J., concurs, see separate opinion.

BRAILSFORD, Justice:

I concur in the opinion of Justice Lewis that the evidence raised jury issues as to negligence and contributory negligence. However, this leaves unresolved the other errors assigned by appellant as grounds for a new trial.

I would sustain the exception to the court's instruction to the jury on the doctrine of last clear chance, which applies only when the antecedent negligence of the injured

party had become remote in the chain of causation and a mere condition of the injury. *Smith v. Blackwell,* 250 S. C. 170, 156 S. E. (2d) 867 (1967). That is not this case. If the jury should conclude that plaintiff's intestate had the capacity to exercise care under existing circumstances and was negligent in failing to look before attempting to cross the highway, it is inescapable that any such negligence on his part continued to the moment of impact. Therefore, the doctrine of last clear change has no application, and it was error for the court to give the instruction complained of.