722 S.E.2d 26

**Elizabeth FETTLER, Appellant,**

v.

**Frederick GENTNER, Respondent.**

No. 4933.

Court of Appeals of South Carolina.

Heard Nov. 17, 2011.
Decided Jan. 25, 2012.
Rehearing Denied March 2, 2012.

462

464

Everett Hope Garner, of Columbia, for Appellant.

Ronald E. Alexander, of Columbia, for Respondent.

LOCKEMY, J.

In this civil action for negligence and damages as a result of a vehicular accident, Elizabeth Fettler argues the trial court erred in (1) denying her motion for a directed verdict and

judgment notwithstanding the verdict (JNOV) on the issue of Frederick Gentner's negligence, and (2) presenting an erroneous and prejudicial charge to the jury as a result of the denial of her directed verdict motion. We reverse and remand.

## FACTS

On December 25, 2002, Fettler was a passenger in the vehicle her husband was driving on White Pond Road in Columbia, South Carolina. Gentner stated his vehicle was "probably ten car lengths" behind the Fettlers' vehicle. Fettler testified that before her husband could proceed down an on ramp to the interstate, he had to yield at a yield sign to avoid an oncoming car turning left onto the on ramp. While at the yield sign, the Fettlers were rear-ended by Gentner. Gentner testified that while he saw the oncoming vehicle, it was in the distance at the time the Fettlers came to the yield sign. He stated he saw no reason for the Fettlers to stop at the yield sign because there was no vehicle in front of them. Gentner said after he saw the Fettlers come to the ramp, he stopped looking in the direction he was traveling. He specifically stated he "focused [his] attention no longer on [the Fettlers' vehicle] but on the vehicle that was coming across." Despite his actions, Gentner agreed he is required to look where he is going while driving a vehicle.

At the close of evidence, Fettler made a motion for a directed verdict on the issue of Gentner's negligence. Gentner argued against the motion, stating Fettler's husband did not have the right to stop his car in the road for no good reason, particularly at a yield sign. In discussing the motion, the trial court noted Gentner admitted to failing to keep a proper lookout and stated:

What he said is I quit paying attention as soon as those cars turned. I don't know what they did; I didn't see them again. I didn't pay any attention until I saw this car stopped, and the guy that was driving that car stopped, and said he stopped it because he was yielding to the car, which he was required to do. And there was no testimony to the contrary. Your guy says I didn't see anything, so we're supposed to circumstantially say okay, there wasn't anything there then?

However, the court eventually denied the motion for a directed verdict on the issue of negligence.

At the conclusion of the trial, the jury returned a unanimous verdict for Gentner. After the verdict was read, Fettler made a motion for a JNOV, contending the evidence allowed only one reasonable inference in favor of Fettler on the issues of negligence and proximate cause. The trial court treated the JNOV motion as a thirteenth juror motion, and stated there was evidence in the record to support the jury's decision, and so it denied Fettler's motion.

## STANDARD OF REVIEW

 " 'When reviewing the denial of a motion for directed verdict or JNOV, this Court applies the same standard as the trial court.' " *Pridgen v. Ward,* 391 S.C. 238, 243, 705 S.E.2d 58, 61 (Ct.App.2010) (quoting *Gibson v. Bank of America, N.A.,* 383 S.C. 399, 405, 680 S.E.2d 778, 781 (Ct.App.2009)). " 'The Court is required to view the evidence and inferences that reasonably can be drawn from the evidence in the light most favorable to the nonmoving party.' " *Id.* (quoting *Gibson,* 383 S.C. at 405, 680 S.E.2d at 781). " 'The motions should be denied when the evidence yields more than one inference or its inference is in doubt.' " *Id.* (quoting *Gibson,* 383 S.C. at 405, 680 S.E.2d at 781). " 'An appellate court will only reverse the [trial] court's ruling when there is no evidence to support the ruling or when the ruling is controlled by an error of law.' " *Id.* (quoting *Gibson,* 383 S.C. at 405, 680 S.E.2d at 781).

## LAW/ANALYSIS

### I. Directed Verdict and JNOV on the Issue of Defendant's Negligence

 Fettler contends the trial court erred in denying her motion for a directed verdict and JNOV because the evidence was not susceptible to more than one reasonable inference on the issue of Gentner's negligence. We agree.

 "A plaintiff, to establish a cause of action for negligence, must prove the following four elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; (3) resulting in damages to the

plaintiff; and (4) damages proximately resulted from the breach of duty." *Thomasko v. Poole,* 349 S.C. 7, 11, 561 S.E.2d 597, 599 (2002) (citing *Bloom v. Ravoira,* 339 S.C. 417, 422, 529 S.E.2d 710, 712 (2000)). "[P]arties have a duty to keep a reasonable lookout to avoid hazards on the highway." *Id.* at 12, 561 S.E.2d at 599. "In determining issues of negligence and contributory negligence arising out of collisions between vehicles proceeding in the same direction, [our supreme court has] held that a leading vehicle has no absolute legal position superior to that of one following." *Still v. Blake,* 255 S.C. 95, 104, 177 S.E.2d 469, 473–74 (1970). "Each driver must exercise due care under the circumstances." *Id.* at 104, 177 S.E.2d at 474. "As a general rule, the driver of the leading vehicle is required to make reasonable observations under the circumstances to determine that the particular movement of his vehicle, such as turning, slowing up, or stopping, can be made with safety to others, and to give adequate warning or signal of his intentions." *Id.* "The driver of the following vehicle owes a reciprocal duty to keep his vehicle under reasonable control and not to follow too closely." *Id.*

" 'Evidence of an independent negligent act of a third party is directed to the question of proximate cause.' " *Manios v. Nelson, Mullins, Riley & Scarborough, LLP,* 389 S.C. 126, 142, 697 S.E.2d 644, 652 (Ct.App.2010) (quoting *Matthews v. Porter,* 239 S.C. 620, 628, 124 S.E.2d 321, 325 (1962)). " 'The intervening negligence of a third person will not excuse the first wrongdoer if such intervention ought to have been foreseen in the exercise of due care. In such case, the original negligence still remains active, and a contributing cause of the injury.' " *Id.* at 142, 697 S.E.2d at 653 (quoting *Bishop v. S.C. Dep't of Mental Health,* 331 S.C. 79, 89, 502 S.E.2d 78, 83 (1998)). "Ordinarily, proximate cause is a question for the jury." *Id.* (citing *McKnight v. S.C. Dep't of Corr.,* 385 S.C. 380, 387, 684 S.E.2d 566, 569 (Ct.App.2009)).

Both Gentner and Gentner's wife admit their failure to keep a lookout after the Fettlers reached the yield sign in front of the on ramp. The record reflects Gentner's admissions:

Fettler's counsel: After the Fettlers entered the ramp, you were looking at this [oncoming] vehicle and weren't looking where you were going down that ramp?

Gentner: That's correct, yes sir.

Fettler's counsel: You weren't looking? You weren't looking where you were going?

Gentner: That's correct.

Fettler's counsel: That's correct. Don't you think you're required to look where you're going when you're driving a vehicle?

Gentner: Yes, sir.

Gentner's wife confirms Gentner's admissions in the record, stating:

Fettler's counsel: And you said you diverted your eyes somewhere and he diverted his eyes. Is that right?

Gentner's wife: Yes.

Fettler's counsel: So, both of you looked away from the lane of travel where you were headed. Is that right?

Gentner's wife: Well, yes.

Fettler's counsel: And subsequent to that, there was a car in front of you and it turned out to be the Fettlers, and y'all hit them in the rear. Is that correct? Gentner's wife: Yes.

Gentner argues there is evidence in the record supporting the inference that Fettler's husband's negligence caused or contributed to the accident by unnecessarily stopping at the yield sign. Thus, Gentner contends, there are conflicts of fact relating to his negligence to go to a jury. However, the only evidence supporting negligence on behalf of Fettler's husband is Gentner's personal testimony. Gentner testified he did not think there was any reason for the Fettlers to stop at the yield sign because the oncoming car that eventually turned left was not close enough to disturb the Fettlers' travel. However, Fettler states there was an oncoming vehicle turning left onto the on ramp that they yielded for at the yield sign. Fettler's husband claimed he yielded because the oncoming car was in the process of making its left-hand turn onto the on ramp. Taking into consideration Gentner himself testified he was "10 car lengths" behind the Fettlers, all parties agree there was a yield sign on the road before entering the interstate from the Gentners' and Fettlers' direction, and the Gentners both testified they took their eyes off the direction they were traveling,

we find there was no evidence to provide a jury with any reasonable inference other than Gentner was negligent.

Gentner's position that the Fettlers did not need to stop at the yield sign does not create an inference of negligence on Fettler's husband's part, it merely stands as a personal opinion from someone who did not have his eyes focused on his lane of travel. Thus, we reverse and remand the trial court's denial of the Fettlers' directed verdict and JNOV motions for a new trial in accordance with this decision.

## II. Prejudicial Jury Charge

 Fettler argues the trial court erred in presenting a prejudicial and erroneous charge to the jury. Specifically, Fettler contends the trial court erred in denying her directed verdict motion, resulting in an erroneous charge of negligence to the jury which was unsupported by the evidence. We agree, but as a threshold matter, we will first address preservation of the issue.

 "An appellate court cannot address an issue unless first raised by appellant and ruled on by the trial judge." *Thomasko v. Poole,* 349 S.C. 7, 10, 561 S.E.2d 597, 598 (2002) (citing *Staubes v. City of Folly Beach,* 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000)). Once a party moves for a directed verdict on an issue, and that motion is denied, the party is not required to object again to the subsequent jury instruction regarding that issue. *See id.* at 10–11, 561 S.E.2d at 598–99; *see also Carter v. Peace,* 229 S.C. 346, 355, 93 S.E.2d 113, 117 (1956) (finding a motion for a directed verdict on the issue of negligence had been refused; thus, the negligence instructions were correct under the trial court's conception of the evidence and there was no duty upon appellant to object to the instruction because it would be futile and unnecessary). The issue is preserved. *See Thomasko,* 349 S.C. at 10–11, 561 S.E.2d at 598–99. "This [c]ourt does not require parties to engage in futile actions in order to preserve issues for appellate review." *Staubes,* 339 S.C. at 415, 529 S.E.2d at 547.

While Fettler did not object to the jury instruction of negligence, she argued a motion for a directed verdict and

JNOV[1] on the issue of Gentner's negligence and was denied. Therefore, we find the issue sufficiently preserved, and an objection to the jury charge of negligence would have been futile, as the trial court had already ruled there was evidence to go to the jury on the issue. We continue below to the merits of this argument.

"'An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court committed an abuse of discretion.'" *Berberich v. Jack*, 392 S.C. 278, 285, 709 S.E.2d 607, 611 (2011) (quoting *Cole v. Raut*, 378 S.C. 398, 404, 663 S.E.2d 30, 33 (2008)). "'An abuse of discretion occurs when the trial court's ruling is based on an error of law or is not supported by the evidence.'" *Id.* (quoting *Cole*, 378 S.C. at 404, 663 S.E.2d at 33).

"'A jury charge consisting of irrelevant and inapplicable principles may confuse the jury and constitutes reversible error where the jury's confusion affects the outcome of the trial.'" *Id.* (quoting *Cole*, 378 S.C. at 404, 663 S.E.2d at 33). "An erroneous jury instruction will not result in reversal unless it causes prejudice to the appealing party." *Id.* (citing *Cole*, 378 S.C. at 405, 663 S.E.2d at 33); *see also Clark v. Cantrell*, 339 S.C. 369, 390, 529 S.E.2d 528, 539 (2000) ("When instructing the jury, the trial court is required to charge only principles of law that apply to the issues raised in the pleadings and developed by the evidence in support of those issues.").

Because we find the issue of Gentner's negligence should have been resolved by a directed verdict in Fettler's favor, we also find there was no evidence in the record to support a charge of negligence to the jury. As the issue of Gentner's negligence should have been decided as a matter of law, the irrelevant and inapplicable principles of negligence had the strong possibility of confusing the jury and affecting the outcome of the trial. We reverse and remand this issue to the trial court for a new trial in accordance with this decision.

---

1. As previously stated, the trial court viewed the motion for a JNOV as a thirteenth juror motion.

## CONCLUSION

Based on the foregoing reasons, the trial court's decision is **REVERSED AND REMANDED.**

HUFF and PIEPER, JJ., concur.