THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Lynda Molnar, Plaintiff,
 
 
 

v.

 
 
 
 Piri Molnar and
 Phillip Warren, Individually and as the General Partners of Peaches Auto
 Sales, Defendants.
 Of whom, Lynda
 Molnar and Piri Molnar are, Respondents,
 v.
 Philip Warren, Appellant.
 
 
 

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2012-UP-237
 Heard April 11, 2012  Filed April 25,
2012  

AFFIRMED

 
 
 
 Ryan L. Beasley and Ransome H. Helmly, both
 of Greenville, for Appellant.
 David S. Wyatt and Ralph L. Gleaton, II,
 both of Greenville, for Respondents.  
 
 
 

PER CURIAM:  This appeal arises from a jury verdict awarding
 Plaintiff-Respondent Lynda Molnar $90,000 in damages on an action for breach of
 contract against Defendant-Appellant Phillip Warren and Defendant-Respondent
 Piri Molnar, both individually and as the general partners of Peaches Auto
 Sales.  On appeal, Warren argues the trial court erred by (1) denying his
 motion for a directed verdict; (2) denying his motion for summary judgment; (3)
 failing to charge the jury on the statute of limitations; (4) denying his
 motion to amend the pleadings; and (5) denying his motion to subtract $28,000
 from the judgment.  We affirm pursuant
 to Rule 220(b)(1), SCACR, and the following authorities:
1. As to
 whether the trial court erred by denying Warren's motion for directed verdict:  Fettler v. Gentner, 396 S.C. 461, 466, 722 S.E.2d 26, 29 (Ct. App. 2012)
 (providing that an appellate court is required to view the evidence and
 inferences that reasonably can be drawn from the evidence in the light most
 favorable to the nonmoving party when reviewing the denial of a motion for
 directed verdict); id. ("'An appellate court will only reverse the
 [trial] court's ruling when there is no evidence to support the ruling or when
 the ruling is controlled by an error of law.'" (citation omitted)).
2. As to
 whether the trial court erred by denying Warren's motion for summary judgment:  Mowrer v. Charleston Cnty. Park & Recreation Comm'n, 361 S.C. 476,
 483, 605 S.E.2d 563, 566 (Ct. App. 2004) ("The denial of summary judgment
 is not appealable, even after final judgment . . . ."  (citation
 omitted)).  
3.  As to
 whether the trial court erred by failing to charge the jury on the statute of
 limitations:  Fairchild v. S.C. Dep't of Transp., 385 S.C. 344, 351, 683
 S.E.2d 818, 822 (Ct. App. 2009) ("To warrant reversal, the party seeking
 the requested jury charge must demonstrate error and prejudice." (citation
 omitted)); Wolfe v. Brannon, 211 S.C. 282, 286, 44 S.E.2d 833, 835
 (1947) ("A payment proved to have been made by the maker of a promissory
 note after it has become barred by the statute of limitations is equivalent to
 a promise in writing by the maker to pay the debt, upon which action may be brought
 at any time within [three] years after such payment."); Zaks v. Elliott,
 106 F.2d 425, 427 (4th Cir. 1939) ("It is established in South Carolina
 that partial payment on a note within the [statutory] period immediately
 preceding the bringing of an action therein will remove the bar of the
 statute." (citation omitted)).
4.  As to
 whether the trial court erred by denying Warren's motion to amend the pleadings: 
 Rule 15(a), SCRCP (providing that when more than thirty days have passed since
 a responsive pleading is served, "a party may amend his pleading only by
 leave of court or by written consent of the adverse party; and leave shall be
 freely given when justice so requires and does not prejudice any other party"); Hale v. Finn, 388 S.C. 79, 87-88, 694 S.E.2d 51, 56 (Ct. App. 2010)
 ("Courts have wide latitude in amending pleadings and, while this power
 should not be exercised indiscriminately or to surprise or prejudice an
 opposing party, the matter of allowing amendments is left to the sound
 discretion of the trial judge." (internal quotation marks omitted)); Collins
 Entm't, Inc. v. White, 363 S.C. 546, 562, 611 S.E.2d 262, 270 (Ct. App.
 2005) (finding the prejudice that the civil procedure rules envision, as would
 warrant denial of a motion to amend the pleadings, is a lack of notice that the
 new issue is to be tried and a lack of opportunity to refute it).
5. As to
 whether the trial court erred by denying Warren's motion to subtract $28,000
 from the judgment:  Wright v. Craft, 372 S.C. 1, 35, 640 S.E.2d 486, 505
 (Ct. App. 2006) (providing the jury's determination of damages is entitled to
 substantial deference and compelling reasons must exist to justify the trial
 court invading the jury's province by granting a new trial to adjust damages
 (citation omitted)); Vinson v. Hartley, 324 S.C. 389, 403, 477 S.E.2d
 715, 722 (1996) (providing a trial court's decision to uphold a jury's verdict
 will not be disturbed on appeal unless such decision is wholly unsupported by
 evidence or controlled by an error of law (citation omitted)).  
AFFIRMED.
PIEPER,
 KONDUROS, and GEATHERS, JJ., concur.